## No. 13,113.

Clarke *v.* Equitable Life Assurance Society of the United States.
(39 P. [2d] 785)

Decided February 26, 1934. Original opinion adhered to January 7, 1935.

Messrs. Morrissey, Mahoney & Scofield, Mr. Con K. O'Byrne, for plaintiff in error.

Messrs. Rogers, Johnson, Robinson & Hearnsberger, for defendant in error.

*In Department.*

Mr. Justice Campbell delivered the opinion of the court.

The object of this action by the plaintiff Alice M. Clarke is to recover on an accident and health insurance policy issued to her by the defendant, the Equitable Life Assurance Society of the United States. The prayer for judgment is for $50 per month since June 23, 1930, the date of an accident that inflicted a serious physical and mental injury upon her, up to February 2, 1931, the alleged date of her recovery, amounting to $366.66, and in addition thereto two quarterly payments of $50 each which were paid as premiums during the period of her disability, the aggregate amount sued for being $466.66. The complaint specifically alleges that on June 23, 1930, the plaintiff, while riding in a bus in the state of Kansas, sustained the injuries which constitute the basis of the recovery sought in this action. The trial court found, in which finding defendant acquiesces, that there was a total and permanent disability within the meaning of the disability provisions of the policy, commencing June 23, 1930. The complaint further alleges that plaintiff sustained a shock to her body and nervous system which later caused the development and growth of a goiter, which disease is progressive in its nature and slow in its development. During the growth of this goiter the plaintiff alleges that about September 15, 1930, she made an attempt to resume the performance of her duties at the University of Denver where she was employed, but was unable to continue in the discharge of her duties, and

afterwards, on November 5, 1930, she was removed to a hospital, where on November 7, 1930, an operation was performed on plaintiff for the removal of the goiter. The plaintiff filed an amended complaint in which, among other things, she alleges that by reason of her disabled condition she was unable to return to her former position at the Denver University until February 2, 1931, having been totally and permanently disabled since June 23, 1930.

It seems to be conceded that there is no provision in the policy requiring notice to the defendant within any specified period of time that the plaintiff sustained an accident or was suffering from disease. The requirement as to that feature of the case to make benefits accrue is the receipt of proof of disability or disease. The plaintiff contends, and the uncontradicted allegations of her pleadings sustain her contention, that goiter, which was one result of the accident and injuries to her body, develops slowly. It is entirely clear, in the circumstances of the case, which it is not necessary further to dwell upon, that plaintiff was not required to submit proof of disability until satisfied in her own mind or properly advised by her physician that the disease from which she was suffering was due to the accident which befell her.

Without any undue reflection upon the manner in which the trial was conducted below, or by the plan pursued by plaintiff in error here in her several briefs, it is fitting to say that it has been an exceedingly difficult task for this court satisfactorily to itself to discuss or pass upon the vital issues in the case. The general demurrer to the original complaint was sustained. The complaint as amended was also held insufficient by the court on a general demurrer thereto. The plaintiff declining further to amend, the trial court pronounced judgment to the effect that the complaint as amended does not state facts sufficient to constitute a cause of action. In ruling upon the demurrer, however, the trial court said that it sustained the same upon condition that the defendant pay into the registry of the court $50 with interest for the

benefit of the plaintiff. The judgment that was entered in favor of the defendant was one dismissing the action at the costs of the defendant, together with the sum of $50 and interest as theretofore ordered by the trial court which the defendant had deposited in the registry of the court for the benefit of the plaintiff.

██ The foregoing statement discloses a rather unusual procedure. In the view, however, which we take of the case, which is that the judgment should be reversed and the cause remanded for a new trial, we limit our discussion to a consideration of the ruling of the court sustaining the general demurrer to the complaint as amended. From a careful reading of the original complaint and amendment thereto, which pleadings for the purpose of this review are to be treated as the facts of the controversy, we think the trial court was wrong in sustaining the defendant's general demurrer. The defendant admitted during the course of the hearing that the injuries sustained by the plaintiff as the result of the accident, were of a permanent nature. She took all necessary steps required by the policy of the insurer to preserve her rights. There is no requirement in the policy, either as to time or as to matter of substance, which the plaintiff was required to make compliance with as preliminary to her right to a recovery that she did not observe. Indeed, the concessions of the defendant insurer are equivalent to an admission and a confession that the injury which plaintiff sustained entitles her to substantial compensation under the terms of the insurance policy. The allegations of the complaint clearly set forth the facts as to the nature and character of these injuries. That she complied with the terms of the policy, which require certain acts to be done by the insured after sustaining an injury, clearly appears from the complaint as amended. That the plaintiff was entitled to some compensation for her injuries cannot be questioned. The defendant itself, by offering to pay a certain designated amount, virtually so confessed. While the defendant did

not admit that the plaintiff was entitled to the amount of the compensation asked for, it did admit that the plaintiff was entitled to some compensation and tendered into court the amount which the insurer virtually admitted the plaintiff was entitled to receive.

From a careful reading of the pleadings in the case and the briefs of counsel, we think it is a fair statement to make that, inasmuch as the general demurrer to the complaint admitted all facts properly set forth in the complaint, the same were to be taken as true, and this being so the plaintiff, if she was entitled to anything at all, was entitled to more than the court awarded to her. Indeed, the final judgment of the trial court is inconsistent with itself and with its ruling upon the general demurrer. In view of the conclusion which we have reached, we do not deem it necessary to comment upon all the arguments of respective counsel in their briefs as it might cause counsel on both sides some embarrassment in the event of a new trial. We merely repeat what in substance we have already said, that in our judgment the complaint, as amended, stated a good cause of action and the ruling of the trial court to the contrary was error prejudicial to the plaintiff. What the facts may develop in the event of a new trial, as already observed, we cannot anticipate and should not attempt to predict. What we do hold, and the only thing of substance that we decide here, is that the general demurrer to the complaint as amended was improperly sustained and the error was prejudicial to the rights of the plaintiff.

The judgment is therefore reversed and the cause is remanded. Further proceedings, if any, in the district court must not be inconsistent with the views expressed in this opinion.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HILLIARD concur.