## No. 13,215.

PACIFIC MUTUAL LIFE INSURANCE COMPANY OF CALIFORNIA
*v.* CLARKE.

(39 P. [2d] 787)

Decided March 5, 1934.   Original opinion adhered to January 7, 1935.

Mr. CASS M. HERRINGTON, for plaintiff in error.

Mr. CON K. O'BYRNE, Messrs. MORRISSEY, MAHONEY & SCOFIELD, for defendant in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE defendant insurance company issued to the plaintiff Alice M. Clarke an accident and health insurance policy. While it was in force the plaintiff was seriously injured while riding in a bus. Defendant insurer disclaimed liability under the policy. Plaintiff thereupon brought this action in which she asked for a reformation of the policy because, as she says, of misrepresentation by the insurer, and for the appropriate relief thereunder as reformed. The specific items of relief which she now demands, as provided by the policy, are: disability payments as prescribed by that instrument, and the return of a premium which she had previously paid to the defendant insurer during the time of her disability which, by the terms of the policy, should not have been paid and which should not have been received or retained by the insurer. Trial was to the court without a jury. Evidence of the parties was heard. The court, sitting as a trier of facts, found the issues of fact for the plaintiff and gave her judgment for $319.97 with interest, amounting to $429.00, which principal sum she had theretofore paid to the defendant as a premium and which, by the terms of the policy, she was not obliged to pay and which the defendant insurer had no right to accept or to retain. Although the plaintiff at the trial below claimed a larger sum than was awarded to her by the trial court, she is now asking only that the judgment be affirmed in the amount fixed by the trial court. The defendant, disclaiming any liability at all, is here with this writ of error.

In his opening brief counsel for the plaintiff in error, the insurer, thus states his contentions on this review: The only issue of fact before the district court was the alleged misrepresentation of the insurer as to the terms of the policy. The other facts, counsel says, were admitted, leaving the two remaining issues of disability payments and return of premium, which he says are questions of law and not questions of fact. It may be that in one sense such "two remaining issues," referred to by defendant's counsel, are questions of law. But, if so,

such questions of law are to be determined from, and applied to, the facts produced at the trial bearing on the two issues of disability payments and return of the premium which the insured should not have paid and which the insurer should not have received or retained. The plaintiff claimed that the defendant was indebted to her in the sum of $513.33 and interest thereon as indemnity for permanent disabilities which she sustained as the result of the accident, and for the further sum of $319.97 which was the amount of the premium she paid to the defendant while under total and permanent disability, and interest thereon. An examination of the record discloses that the evidence before the trial court was abundantly sufficient to sustain its findings in favor of the plaintiff as to all of the issues of fact which defendant's counsel says were involved below and here, and the correct and pertinent principles of law were applied thereto.

Counsel for the insurer says that the important and controlling question for decision below was, and here is: When did the disability of the insured commence? Was it on the 91st day after the date of the accident, June 23, 1930, or the 91st day after October 11, 1930, the day she stopped her work because of the accident? The trial court correctly determined that plaintiff's disability commenced on October 11, 1930.

In an opinion recently handed down by this court in Cause No. 13113, entitled: Alice M. Clarke, plaintiff in error, against the Equitable Life Assurance Society of the United States, defendant in error (96 Colo. 134), this court reversed a judgment of the district court rendered in favor of the defendant in that action. The action there was brought by plaintiff Clarke to recover damages for injuries which she had sustained in the same accident that is involved in the present action against a different insurance company. What we said in our opinion in that case as to the sufficiency of the evidence is equally applicable to the case we are now considering. Since the trial court correctly applied the law applicable to its

findings of fact we cannot interfere with its judgment, and the same should be, and it is, affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HILLIARD concur.