No. 13,964.

CLARK *v.* EQUITABLE LIFE ASSURANCE SOCIETY OF THE
UNITED STATES.
(68 P. [2d] 541)

Decided May 10, 1937.

Mr. CON K. O'BYRNE, Mr. WILLIAM H. SCOFIELD, for
plaintiff in error.

Mr. PERCY A. ROBINSON, Mr. CARL C. HEARNSBERGER, for
defendant in error.

*In Department.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the
court.

PLAINTIFF in error is hereinafter referred to as Clarke and defendant in error as the company.

Clarke held an insurance policy in the company which provided that in case of total permanent disability she would be paid $50 per month. She was disabled as the result of an auto accident. The extent of that disability was not immediately apparent and she continued to pay premiums. Eventually she sued to recover these and monthly payments from the date of injury. To her complaint the company demurred for want of facts. That demurrer was sustained, she elected to stand, came here on error from a judgment of dismissal, and secured a reversal. *Clarke v. Equitable Society*, 96 Colo. 134, 39 P. (2d) 785. Answer and replication and trial to a jury followed. At the close of the evidence the company moved for a directed verdict giving Clarke one month's benefit with interest and costs. That motion was sustained over Clarke's objection, and judgment entered accordingly. To review that judgment the present writ is prosecuted.

We need not separately examine the eleven assignments. They present the question of Clarke's right to recover from date of the accident, her right to recover ad interim premiums, and the correctness of an order striking portions of her amended complaint.

Clarke was injured June 23, 1930. Aside from her physical injuries the shock of the accident caused development of goitre. She returned to work, inefficiently but for full compensation, to October 10, then went to a hospital in November and had the goitre removed. By February 2, 1931, she had fully recovered. Premium payments were $50 each, due quarterly, and she paid those falling on September 6 and December 6. The last was transmitted by letter December 30, at which time she advised the company that she had been "sick since October 12," wished to claim for "total disability benefit," and requested necessary blanks. These were filled out and filed January 16, 1931. Therein she fixed the last

date on which she did any work as October 10. It appears that her preliminary proof reached the company January 2, and it admits liability for compensation from that date to February 2.

Provisions of the policy directly applicable are: ''If the annuitant becomes wholly and permanently disabled * * * the society will waive subsequent premiums and pay * * * fifty dollars a month subject to the following terms and conditions: Disability benefits * * * shall be effective upon receipt of due proof, before default in the payment of premium, that the annuitant became totally and permanently disabled * * * in which event the society will grant the following benefits: Waive payment of all premiums * * * falling due after the receipt of such proof * * * the first monthly payment to be payable upon receipt of due proof of such disability * * *. DISABILITY shall be deemed to be TOTAL when it is of such an extent that the annuitant is prevented thereby from engaging in any occupation or performing any work for compensation of financial value, and such TOTAL DISABILITY shall be presumed to be PERMANENT when it is present and has existed continuously for not less than three months;''

It will be observed that nothing was due under this contract until Clarke became *wholly and permanently* disabled. By her own admissions that never happened. She was wholly disabled from October 12 to February 2, but the admitted fact of her complete recovery by the latter date forecloses the question of permanent disability. Why then was the company liable at all? Because by a further provision of the contract total disability is *presumed* permanent when it exists for three months. Hence early in January that presumption and the company's consequent liability became effective. But for that presumption Clarke could get nothing save by proof, and such proof, in the instant case, she could not make. Her *permanent* disability is a fiction, elevated to the dignity of fact by contract, but not available to her until so

elevated. Again, "the first monthly payment to be payable upon receipt of due proof of such disability." But *"such disability"* refers to "total *and* permanent" disability and there was no such proof. There was proof of total disability filed January 2, but the proof of permanent disability came only with the operation of the presumption, at least eight days later. Since the court has fixed, and the company has conceded, the earlier date Clarke has no cause of complaint.

As to premium refunds: Conceding that Clarke might recover from October 10 under the phrase "if the annuitant becomes wholly and permanently disabled * * * the society will waive *subsequent* premiums," on the theory that "subsequent" relates to the date of such disability, the event never occurred. But that provision is expressly made "subject to the following terms and conditions," and one of the conditions is that "due proof" must be made (or the presumption which takes its place must arise) "before default in the payment of premium"; another is that the payments waived are those "falling due after the receipt of such proof" (or the attachment of the presumption which takes its place); and another is "the first monthly payment to be payable upon receipt of due proof of such disability" (or the attachment of said presumption). It follows that Clarke was obliged to keep up her payments until she made proof, or until the stipulated presumption arose, and that the company is under no obligation to refund such.

As against these conclusions Clarke now particularly urges some language in our former opinion, and in that in *Central Co. v. Industrial Com.,* 84 Colo. 481, 492, 271 Pac. 617.

When this cause was here before the record was by no means clear or satisfactory, as an examination of the opinion of Mr. Justice Campbell discloses. We had, however, but to determine the sufficiency of an amended complaint. While a general demurrer had been sustained thereto the judgment pronounced could only have fol-

494

lowed a contrary ruling. That amended complaint contained charges of fraud and deceit, allegations of earlier preliminary claim and proof, and other statements of fact which if established would make out plaintiff's case without recourse to the contracted presumption of permanency arising from three months total disability. All this the demurrer admitted and the court was clearly in error in sustaining it. In the light of the company's denials and the failure of Clarke's proof, an entirely different situation now confronts us and our former opinion is hence not controlling.

*Central Co. v. Industrial Com., supra,* was a workmen's compensation case. We were there dealing with the proper interpretation of the word "immediately" as used in the statute and as applicable to the facts. An examination thereof in the light of the contract now before us and our comment thereon will disclose the inapplicability of that authority. In view of the foregoing we find it unnecessary to examine the motion to strike and the ruling thereon.

The judgment is affirmed.

MR. JUSTICE HILLIARD and MR. JUSTICE BAKKE concur.