Mabel M. Ferguson, Individually and as Administratrix of Estate of Peter Ferguson, Deceased, Appellant, v. Penn Mutual Life Insurance Company of Philadelphia, Appellee.

Gen. No. 40,548.

Heard in the second division of this court for the first district at the December term, 1938. Opinion filed May 28, 1940.

RICHARD W. PROCTOR, of Chicago, for appellant.

POPPENHUSEN, JOHNSTON, THOMPSON & RAYMOND, of Chicago, for appellee; ROBERT Z. HICKMAN, of Chicago, of counsel.

MR. PRESIDING JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

This appeal seeks to reverse the order of the trial court which sustained defendant's motion to dismiss plaintiff's statement of claim.

Plaintiff, Mabel M. Ferguson, individually and as administratrix of the estate of Peter Ferguson, deceased, brought this action against defendant, the Penn Mutual Life Insurance Company of Philadelphia, to recover disability benefits and premiums claimed to be due and

owing under the terms of two policies of insurance issued by defendant to the decedent.

The statement of claim alleged substantially that the decedent during his lifetime was insured by defendant under two policies, each in the sum of $5,000, copies of which were attached to and made a part of the statement of claim and that the policies contained the following, among other, provisions:

"MONTHLY INCOME. The Company will pay to the insured or, if the insured be insane, then to his or her legal guardian or committee if any such has been appointed, or in the absence of any such appointment then to the wife of the insured if a beneficiary of record under this Policy, a monthly income of FIFTY & 00/100 Dollars for each completed month of insured's total and permanent disability as herein defined; such income to continue only during the period of such disability prior to the termination of this Policy by maturity or otherwise. Interest on any indebtedness under this Policy may be deducted from the monthly income payments hereunder.

"WAIVER OF PREMIUM. The Company will waive the payment of premiums falling due under this Policy during the insured's total and permanent disability, as herein defined. The premiums waived shall be the annual, semi-annual or quarterly premiums, according to the method of premium payment in effect when disability occurred.

". . . PREMIUMS. The extra quarter annual premium for the Total and Permanent Disability Benefits, which is additional to the quarter annual premium stated on the first page of this Policy, is Six & 40/100 Dollars."

It was then alleged that "during the month of July, 1936, Peter Ferguson became so ill that he was incapacitated and could not carry on any work of any description and that from then until the time of his death on February 8, 1937, Peter Ferguson was totally and permanently disabled"; and that "on February 8, 1937,

Peter Ferguson departed this life, never having recovered his ability to enter gainful employment and that immediately thereafter this plaintiff furnished proof of the permanent and total disability to the Penn Mutual Life Insurance Company of Philadelphia, and the company failed and refused under these policies to pay total and permanent disability for the period for six months prior to February 8, 1937, and as a sole basis for said refusal stated that there was a provision in said contract that the disability payments were to be made only if the company were notified during the pendency of the illness, and that for that reason the proofs of total and permanent disability could not be accepted.''

Plaintiff asked for judgment for $700.90, which amount included premiums of $100.90 claimed to have been wrongfully received by defendant during the period of decedent's disability, and disability benefit payments of $50 a month on each policy for a period of six months, aggregating $600.

The pertinent averments of defendant's motion to dismiss the statement of claim are as follows: ''That one term of the supplemental agreement for payment of total and permanent disability benefits is that: 'The company will pay to the insured—a monthly income of Fifty and no/100 ($50.00)—;' that the plaintiff herein represents herself to be the Administratrix of the estate of the insured, and that it appears upon the face of said statement of claim that the insured is dead, and that the obligation, if any, of the defendant does not run to the plaintiff and that she is not a proper party to assert the same.''

It was further averred that ''it appears upon the face of said statement of claim that one term and condition of the supplemental agreement referred to in the paragraph above provided: 'Disability benefits shall become *effective* as of the date of commencement of total and permanent disability of the insured, as herein de-

fined, *if due proof of such disability is received by the company at its home office* within six months from said date of commencement, otherwise disability benefits shall become effective as of the date six months prior to the receipt of such proof; provided in either event that on such effective date the first premium on this policy had been paid and no subsequent premium was then in default, and further provided *such proof is received by the company during the continuance of said disability.'* " (Italics ours.)

It was then averred "that it appears in the second paragraph of page 3 of said statement of claim that proof of the permanent and total disability of the insured was furnished the defendant company after the death of the insured, and that this is not a compliance with the said term in the contract or policy of insurance that such proof shall be received by the company during the continuance of said disability."

Plaintiff's theory, as stated in her brief, is "that upon the insured becoming totally and permanently disabled there was a liability from the insurance company to the insured and that where the only act which remained to be done under the policy to establish his right to receive total and permanent disability payments and waiver of premium, was to furnish proof of total and permanent disability, death was a continuance of the disability for the purpose of furnishing such proof."

Defendant's position is "that in her individual capacity, plaintiff is owed no balance by defendant, nor would she have been at any time during the lifetime of the insured. She was the beneficiary of the policy and has been paid the face amount thereof. Disability benefits, when they accrue, are due the insured. Defendant owes no obligation to the plaintiff in her capacity as administratrix, for the reason that by failure to perform a condition precedent, none was owing to her intestate in his lifetime."

The only real question presented is whether the furnishing of due proof of the disability of the insured to defendant at its home office was a condition precedent to the accrual of the obligation on the part of the insurance company to waive premiums or to make monthly disability payments.

As heretofore shown the policy provides: "Disability benefits shall become effective . . . as of a date six months prior to the receipt of such proof; . . . provided such proof is received by the Company during the continuance of said disability." This language is not ambiguous. It is plain and understandable American. It clearly expresses a condition precedent. If no proof of the disability is received by the insurance company during the continuance of such disability, the benefits, consisting of monthly disability payments and waiver of premiums, do not accrue. The supplemental agreement in this case, relating as it does to a disability existing and continuing at the time claim is made and proof is given the company, makes the furnishing of such proof a condition precedent to the right to the benefits secured by the policy. (*Perlman v. New York Life Ins. Co.*, 105 Pa. Super. Ct. 413, 161 Atl. 752.)

In *Holtz v. New York Life Ins. Co.*, 7 W. W. Harr. 1, 179 Atl. 497, in holding that where an insurance policy provided that "disability benefits shall be effective upon receipt at the company's home office, before default in the payment of premium, of due proof that the insured became totally and permanently disabled after he received this policy," the furnishing of proofs was a condition precedent to the maturity of the obligation to pay, regardless of the date from which such payments, when accrued, should be calculated, the court said, at p. 499:

"We are concerned with a phase of the contract which contemplates a protection to the insured during his lifetime. If the argument of the plaintiff is sound, no proof of disability need be made during the life of the in-

sured, but may be submitted after his death, and, thereupon, the company becomes liable for the payment of the aggregate of the monthly installments of income from the occurrence of the disability to the death of the insured.

"The necessary conclusion would be that the policy constitutes a hybrid contract of insurance which, at the pleasure of the insured, may be availed of as a benefit to himself personally, or as a means of enhancement of his estate upon his death, a result quite outside of the purview of the contract." (To the same effect are *Hanon v. Kansas City Life Ins. Co.,* 269 Ill. App. 135; *Steffan v. Bankers Life Co.,* 267 Ill. App. 248; *Wright v. Phoenix Mut. Life Ins. Co.,* 262 Ky. 543; *Clark v. Equitable Life Assur. Soc. of U. S.,* 100 Col. 490, 68 P. (2d) 541; *Smith v. Missouri State Life Ins. Co.,* 134 Kan. 426, 7 P. (2d) 65; *Courson v. New York Life Ins. Co.,* 295 Pa. 518, 146 Atl. 530; *Mullaney v. Equitable Life Assurance Soc. of U. S.,* 66 N. D. 235, 264 N. W. 663.)

Proof of the disability of the insured not having been furnished until shortly after his death, it is urged that his "death should be construed as a continuance of disability under the terms of the policy." This is really the only theory upon which plaintiff could possibly hope to prevail in this action, but it is so opposed to reason and contrary to the manifest intention of the parties to the insurance contract that it hardly merits serious consideration. In our opinion the supplemental agreement clearly contemplated that the benefits thereunder would inure only to the insured during his lifetime and during the continuance of his disability. Disability presupposes life. Death is the antithesis of life. In *Hill v. Travelers Ins. Co.,* 146 Ia. 133, in holding that death was not the kind of disability contemplated by a policy providing for indemnity for the insured in case of his permanent or total disability, the court said, at p. 135:

"The word 'disability' does not express the same meaning as the word 'death' nor is it ordinarily used as signifying the same thing. 'Disability' is defined as a want of competent power, strength, or physical ability; weakness; incapacity; impotence. Century Dict. None of the lexicographers, so far as we are advised, give it any broader meaning, and the appellant has cited no case in which it is held to mean death. It is a rule that the language of contracts shall be given its ordinary and usual meaning, unless it is clear that some other meaning was intended by both parties. Here nothing appears that indicated an exception to the rule. Indeed, the very language used negatives any such thought."

Since there are no circumstances in this case to indicate any incapacity that rendered it impossible for the insured to perform or comply with the condition precedent in the policies as to proof of disability, we are impelled to hold that the withholding of notice and due proof of disability until after the death of the insured precludes recovery of premiums and monthly disability payments under the policies herein.

The order of the municipal court sustaining defendant's motion to dismiss plaintiff's statement of claim is affirmed.

*Order affirmed.*

FRIEND and SCANLAN, JJ., concur.