Juanita Patterson, Plaintiff-Appellee, v. John Hancock Mutual Life Insurance Company, Defendant-Appellant.

Gen. No. 11,379.

Second District, First Division.

September 17, 1960.

Hyer, Gill, and Brown, of Rockford, for appellant.

B. P. Reese, Jr., and Elmer C. Rudy, of Rockford, for appellee.

DOVE, J.

The John Hancock Mutual Life Insurance Company issued its group insurance policy to the National Lock Company of Rockford on August 8, 1940. By the provisions of this policy the employees of the Lock Company were insured in accordance with a scheduled amount of insurance set forth in the policy and the policy also provided certain benefits to an employee if the employee became totally and permanently disabled while the insurance was in effect. Thereafter

the employer, National Lock Company delivered to Eugene Patterson, an employee, two certificates effective January 1, 1951. Each certified that under and subject to the terms and conditions of the Group Policy the John Hancock Mutual Life Insurance Company insured the life of Eugene Patterson. One of these certificates, designated non-contributory, evidenced that the life of Eugene Patterson was insured for the sum of $500.00 payable to Juanita Patterson, the wife of the insured. The other certificate was identical except it was designated as contributory, and the amount of insurance was $1500.00.

On August 5, 1959 the instant two count complaint was filed by Juanita Patterson seeking to recover $2000.00 under the provisions of the group policy and the certificates issued thereunder. The complaint alleged the issuance of the policy and certificates and averred that on June 20, 1956, the insured was involved in an automobile accident and as a result thereof was totally and permanently disabled while said policy was in full force and effect. Copies of the certificates issued by the Insurance Company were attached to and made a part of the complaint. By its answer the defendant denied any liability on the ground that it was not given any notice by plaintiff or by Eugene Patterson in his lifetime, that he, the insured, had became wholly disabled by bodily injury or by disease, as required by the provisions of the policy issued by the defendant. The issues made by the pleadings were submitted to the court for determination resulting in a judgment in favor of the plaintiff and against the defendant for $2000.00 and defendant appeals.

The Group Policy contained this provision:

"Permanent Total Disability Benefit. If any employee shall furnish the company with due

136

proof that while insured under this policy and before having attained the age of 60, he has become wholly disabled by bodily injuries or disease and will be permanently, continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit the company will waive further payment of premium as to such employee and pay in full settlement of all obligations to him under this policy the amount of insurance in force hereunder upon his life at the time of the receipt of due proofs of such disability, in a fixed number of installments chosen by the employer from the table contained in the provision entitled 'Modes of Settlement of Claims' contained on page two of said policy, the first installment to be paid immediately upon receipt of due proofs of such disability. Any installments remaining unpaid at the death of the employee shall be payable as they become due to the beneficiary designated by such employee."

The Group Policy also provided that the company would issue to the employer for delivery to each employee an individual certificate setting forth the benefits to which such employee is entitled under the Group Policy and containing the name of the beneficiary but that such certificate should not constitute a part of the Group Policy. The certificates so issued by appellant and delivered to decedent by his employer, the Lock Company contained this provision:

"Permanent Total Disability. Any employee who shall furnish the company with due proof that he has become totally disabled by injuries, sickness or disease and has been continuously prevented thereby from performing any and every duty pertaining to his occupation and presumably will during his lifetime be prevented

137

from pursuing any occupation for wages or profit, or if he has suffered the entire and irrecoverable loss of the sight of both eyes or of the use of both hands, or of both feet, or of one hand and one foot, he shall be deemed to be totally and permanently disabled and the insurance hereunder will become available, provided such disability or loss has been sustained before attaining the age of 60."

An amendment to the group policy also provided that the insurance of any employee should automatically cease when he failed to make the required contribution for his insurance to his employer and in case of the termination of an employee's employment the death benefit should continue for a period of thirty days following the termination of employment. This paragraph stated, however, that nothing contained therein should limit or extend the Permanent Total Disability Benefit to which an employee shall become entitled under the policy.

There is no dispute about the facts in this case. Eugene Patterson, the insured, was first employed by the National Lock Company on February 2, 1948 and continued as its faithful employee until he received injuries in an automobile accident on June 20, 1956 which rendered him permanently and totally disabled. He never returned to work after the automobile accident and from that time until his death on November 16, 1957 he was unable physically and mentally to do any work of any kind or character. At the time of his death he was 56 years of age.

Immediately following the accident he was hospitalized and then confined to his home until his death. The Lock Company knew of his disability, granted him numerous leaves of absence and paid to appellant the premiums on Patterson's certificates of insurance

to and including July 5, 1957. On June 28, 1957 the Lock Company terminated his employment. On that date Mr. Goding, assistant factory superintendent of the Lock Company wrote Patterson stating that the records of the company disclosed that due to an automobile accident, Patterson had been absent from his work since June 20, 1956; that during the past year Patterson's supervisor, the personnel director, and also the writer of the letter had all called upon Patterson at his home and that the company now (June 28, 1957) assumed that he was unable to return to work and that it was necessary to remove him from the payroll. With this letter a vacation pay check was enclosed.

Counsel for appellant state that the evidence discloses that Patterson ceased to be an employee of the Lock Company on June 28, 1957, that appellant's liability was limited to the insurance in force upon the life of Patterson at the time of the receipt of due proofs of such liability; that appellant never received any notice from Patterson or from anyone for him of Patterson's disability and therefore any benefits which accrued to him under the group policy ceased on June 28, 1957. Counsel insists that notice of the total and permanent disability of Patterson was a condition precedent to the recovery of any disability benefits under the group policy and that such notice was required to be given appellant by the insured during the time the insurance coverage was in effect.

Counsel for appellee insist that there is no requirement in the policy directing where notice was to be given appellant or when it was to be given and that the policy merely states that the insured must become permanently disabled while the policy is in effect and before the insured reaches the age of 60. In support of this contention counsel for appellee cite and rely upon Mosby v. Mut. Life Ins. Co. of New York, 405

139

Ill. 599, 92 N.E.2d 103, and insist that notice to appellant was merely a condition to enforcing payment.

The Mosby case was an action brought to recover disability income under two policies of insurance issued to the plaintiff by the defendant. The policies provided:

> "Benefits in the Event of Total and Permanent Disability Before Age 60.
>
> "When such Benefits Take Effect. If the insured after payment of premiums for at least one full year, shall, before attaining the age of sixty years and provided all past due premiums have been duly paid and this policy is in full force and effect, furnish due proof to the company at its Home Office either (a) that he has become totally and permanently disabled by bodily injury or disease, so that he is, and will be, permanently, continuously and wholly prevented thereby from performing any work for compensation, gain or profit, and from following any gainful occupation, or (b) that he has suffered any of the following specified disabilities (which shall be considered total and permanent disabilities hereunder) namely, the entire and irrevocable loss of the sight of both eyes or the severance of both entire hands or of both entire feet or of one entire hand and one entire foot, the company, upon receipt and approval of such proof will grant the following benefits . . . ."

One of the enumerated benefits was the waiver of each premium as it became due during the continuance of such disability.

In the Mosby case it appeared that the insured suffered a cerebral hemorrhage on May 10, 1946 which rendered him totally and permanently disabled thereafter; that he attained the age of 60 years on Febru-

ary 5, 1947; that he made claim for disability benefits on or about June 1, 1947, which were refused because due proof of the total and permanent disability had not been furnished before he attained the age of 60 years. The question presented for decision said the court, was whether, under the terms of the policies, the insured, in the event of total and permanent disability before age of sixty, was required to furnish due proof thereof to the company before he attained the age of sixty years in order to entitle him to recover the disability benefits, or whether the disability, alone, is the condition precedent on which liability of the insurer depends.

The circuit court, in the Mosby case, rendered judgment in favor of the insured which the Appellate court reversed. In reversing the judgment of the Appellate Court and affirming the judgment of the Circuit Court, the Supreme Court after reviewing numerous cases referred to Mutual Life Ins. Co. of New York v. Smith, 257 Ky. 709, 79 S.W.2d 28 and Smith v. Mutual Life Ins. Co. of New York, 188 Ark. 1111, 69 S.W.2d 874. Our Supreme court said that the New York and Arkansas courts had held substantially similar provisions to plainly and definitely mean that if the insured suffered total and permanent disability prior to his sixtieth birthday and at the time has paid all premiums due, the liability of the insurer then and there attaches and recovery of benefits is postponed until proof is submitted. Those cases construed the furnishing of proof of disability not as a condition precedent to creation of coverage for insured's disability or of the liability of the insurer for disability benefits, but only as a condition precedent to insured's right to enforce payment of benefits, which right is postponed until proof is made. Our court then said that insurance against total and permanent disability was the protection the insured in the Mosby case

sought and that the policy in that case, in large and heavy lettering announced "Benefits in the event of total and permanent disability before age 60." In commenting upon this provision the court said (p. 606):

> "To hold with the contention of defendant would be to reduce that protection to 'Benefits in the event of proof before age sixty of total and permanent disability'. It has also been pointed out that if furnishing of proofs before age sixty is a condition precedent to the insurer's liability, a person who became disabled one day before he was sixty, could not recover because it would be impossible for him to make proof of loss prior to his sixtieth birthday. The case is extreme yet the result obtains from such a construction as defendant urges. The intent of the parties entering the insurance contract would be defeated, and the insured would not receive the protection for which he paid his premiums. We agree with the court in Kimel v. Missouri State Life Ins. Co., 71 Fed.2d 921, that in such a policy, the phrase 'before attaining the age of sixty' relates to the time of suffering the disability, not to approval of the proofs thereof."

In the instant case if the total disability clause contained in the policy is made to harmonize with the clause in the certificates with reference to permanent total disability it must be construed to read that if the employee while insured and before attaining the age of sixty becomes wholly and permanently disabled the company would waive further payment of premium and would pay in full settlement of its obligations under the policy the amount of insurance in force upon his life at the time of the receipt of due proof of such disability. The certificates furnished by appellant to the Lock Company and by it delivered to the insured

142

clearly states that any employee who furnishes the company with due proof that he has become totally disabled that then the provided insurance would become available provided the disability was sustained before the employee has attained the age of sixty. There is no policy requirement as to the method of notice, place of notice, or time when notice of disability was to be given.

Under the Mosby case we believe the furnishing of proof of insured's total and permanent disability is a condition precedent to the insured's right to enforce payment of the benefits under this policy of insurance. The right to so enforce payment is postponed until such proof is made and the furnishing of such proof is not a condition precedent to the creation of coverage. Here the insured, before attaining the age of 60, and while the policy was in full force and effect became wholly and permanently disabled and continued in this condition until his death. The instant complaint was filed August 5, 1959 and if appellant had no previous notice of the insured's total and permanent disability the commencement of this action was actual notice to the company.

Furthermore the record discloses that the Lock Company arranged for the master policy of group insurance with appellant. Appellant issued and delivered to the Lock Company the certificates and these were then delivered by the Lock Company to the insured. The Lock Company advanced to appellant the premiums on both the contributory and non-contributory certificates and on contributory certificates collected from its employees the required premium payments. The Lock Company furnished to its employee, the insured, forms for the filing of claims and helped them to complete these forms and process them. In carrying on these activities, the trial court found the National Lock Company was acting as the agent

143

of the insurer and this finding is sustained by the evidence.

In Ferguson v. Penn Mut. Life Ins. Co., 305 Ill. App. 537, 27 N.E.2d 548, cited and relied upon by appellant, the clause in the policy there under consideration specifically provided that the disability benefits should only become effective if proof was received by the company during the continuance of the disability. The policy in the instant case does not so provide.

The judgment of the circuit court of Winnebago County will be affirmed.

Judgment affirmed.

McNEAL, P. J., concurs.

SMITH, J., concurs.