284 So.2d 102 (1973)
Exavier LEMAIRE, Tutor, and Steven Vincent, Administrator, Plaintiff-Appellant,
v.
CONTINENTAL CASUALTY COMPANY, Defendant-Appellee.
No. 4294.
Court of Appeal of Louisiana, Third Circuit.
September 18, 1973.
Rehearing Denied November 2, 1973.
Writ Refused January 4, 1974.
Piccione & Piccione by Peter C. Piccione, Lafayette, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe by L. Lane Roy, Lafayette, for defendant-appellee.
Before FRUGÉ, SAVOY and DOMENGEAUX, JJ.
SAVOY, Judge.
This suit was instituted by the heirs of Joseph Percy Lemaire, deceased, against defendant, to recover on a policy issued to Joseph during his lifetime. Defendant filed a motion for summary judgment which was overruled, and it then filed an answer denying coverage. After a trial on the merits, the district judge held that there was no coverage under the policy and dismissed plaintiff's suit. They appealed.
The parties stipulated as to the facts and they are not in controversy.
The decision which we must reach in this case is whether the policy of insurance issued by Continental to Joseph provides for death benefits for the death of Joseph or whether said policy provides benefits only in case of Joseph's disability and continued life during the period of disability.
According to the stipulations, Joseph Percy Lemaire was killed instantly when a car he was driving was struck by a railroad traim.
*103 Prior to his death Joseph had mortgaged his home in favor of Baylock Investment Corporation. Baylock had a master policy with defendant which insured mortgages for a specified monthly premium and would pay a certain amount to the mortgagor for disability due to accident or sickness for a maximum period of 60 months. Joseph at the time of his death had taken out this insurance and had received a Certificate of Insurance.
The principal contention by counsel for appellant is that the district judge committed error in holding that the policy (Certificate of Insurance) provides disability benefits only and was not intended to provide any coverage for the disability resulting from the insured death.
The question as to whether death is total disability is res novo in Louisiana.
The master policy issued to Baylock by Continental does not provide for accidental death benefits. Counsel for appellant complains that Joseph never did see the master policy but was only furnished with an "Insurance Certificate". The insurance certificate provides that the mortgagor may see the master policy at the office of the mortgagee during business hours. It would not be practical for a copy of the master policy to be sent to each mortgagor insured therein.
The insured is deemed to have constructive notice of the master policy, Couch 2d on Insurance, Section 82:13 at Page 987.
The first paragraph of the Certificate of Insurance issued to Joseph states that it is issued to him "for disability resulting from injury or sickness to the extent herein provided."
The first sentence of Part II of the certificate states:
"Indemnity provided in this Part is payable only for a period of disability during which the Insured Mortgagor is under the regular care and attendance of a currently licensed physician or surgeon other than himself."
Under Part IV is the following:
"PHYSICAL EXAMINATIONS: The Company at its own expense shall have the right and opportunity to examine the person of the Insured Mortgagor when and as often as it may reasonably require during the pendency of a claim hereunder."
Under MISCELLANEOUS PROVISIONS is found:
"The Master Policy is in the possession of the Mortgagee and may be inspected by the Insured Mortgagor at any time during business hours at the office of the Mortgagee.
This Certificate of Insurance replaces and cancels all other Certificates, if any, issued to the Insured Mortgagor, named in the Schedule, under said Master Policy."
We have been unable to find anything in the master policy or the Certificate of Insurance which could be interpreted as granting coverage to Joseph for death due to an accident.
The cases from other jurisdictions hold that under similar provisions in policies, there is no coverage because of accidental death. In American Home Assurance Company v. Hughes, 209 Va. 514, 165 S.E. 2d 411, the court stated:
"As was said in Ferguson v. Penn. Mut. Life Ins. Co., 305 Ill.App. 537, 542, 27 N.E.2d 548, 550, `Disability presupposes life. Death is the antithesis of life.'"
To the same effect is Hinkley v. Penn. Mutual Life Insurance Company of Philadelphia, D.C., 37 F.Supp. 1018.
In Galvin v. Occidental Life Insurance Company of California, 206 Pa.Super. 61, 211 A.2d 120, the court said:
"We must recognize that the word disability has a reasonably definite meaning implying an animate or living object, 26A C.J.S. Disability, p. 960, and in the common acceptance of the term total disability *104 does not express the same meaning as death. 25 C.J.S. Death § 1. Disability insurance consists of all forms of insurance relating to the partial or total disability of the insured as distinguished from death. 44 C.J.S. Insurance § 12.. . ."
Considering the terms of the master policy, the Certificate of Insurance issued to the decedent and the cases cited herein, we are of the opinion that the district court judgment should be affirmed.
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.
Affirmed.