JOANNE L. SVEC, Plaintiff-Appellant, v. ALLSTATE INSURANCE COMPANY, Defendant-Appellee.

First District (5th Division)   No. 76-647

Opinion filed October 14, 1977.

Burton I. Weinstein, of Boehm and Weinstein, Chartered, of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (John L. Kirkland and Stanley J. Davidson, of counsel), for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff brought this action for declaratory judgment, seeking a determination of her right to recover income continuation benefits under her decedent husband's insurance policy. The trial court granted defendant's motion for judgment on the pleadings. On appeal, plaintiff

contends the trial court erred when it interpreted the policy as excluding income continuation benefits after the death of the insured.

On September 9, 1973, plaintiff's decedent husband purchased automobile liability insurance from defendant. The policy issued to the insured was printed and prepared by defendant and contained a variety of different provisions and options. Part 2, Coverage VA, which plaintiff purchased provided the following coverage:

"PART 2—Coverage VA—Basic Personal Injury Protection Allstate will pay to or for the benefit of the injured person:

(a) Medical, Hospital and Funeral Expenses

All reasonable and necessary expenses arising from an accident for medical, surgical, x-ray, dental, prosthetic, ambulance, hospital, professional nursing and funeral services, commencing on the date of the accident, subject to the limit per injured person stated in the declarations or attached endorsement,

(b) Income Continuation

85% of the income lost, commencing on the date of the accident, by an injured person who was an income or wage earner, as a result of total disability caused by the accident, subject to the payment limit per week per injured person stated in the declarations or attached endorsement;* * *"

The policy defines the terms used in this provision as follows:

"(1) 'Injured person' means

(a) the named insured or any relative who sustains bodily injury in any motor vehicle accident; * * *

(4) 'bodily injury' means bodily injury, sickness or disease, including death at any time resulting therefrom. * * *

(9) 'total disability' means inability of the injured person to engage in his ordinary occupation;* * *."

The policy, which insured received, also contained provisions relating to the following additional optional coverage which he did not purchase:

"PART 3—Coverage VB-Excess Personal Injury Protection Subject to the depletion of any available corresponding insurance under Part 2, Allstate will pay to or for the benefit of the named insured * * * who sustains bodily injury caused by an accident involving a motor vehicle: * * *

(d) Survivor's benefits

If an injured person dies as a result of such injuries within one year from the date of the accident, a survivor's benefit equal to 85% of

the average weekly income the deceased earned during the 52-week period immediately preceding the accident, subject to the payment limit per week per injured person stated in the declarations or attached endorsement, for a period of 260 weeks from the date of death, must be paid:
(1) to a surviving spouse dependent upon the deceased for income* * *."

Insured paid all necessary premiums on the policy. On August 24, 1974, he died in a motorcycle accident. Defendant offered plaintiff $2,000 in medical and funeral expenses under Part 2(a) of the policy. However, plaintiff refused this offer and instead filed the instant action, insisting that defendant pay her income continuation benefits under Part 2 (d) of the policy. Thereafter, defendant moved for judgment on the pleadings, arguing that the income continuation benefits payable under Part 2(d) are disability payments, payable only so long as insured is alive. The trial court agreed and entered judgment in favor of defendant.

OPINION

Preliminarily, we must rule on plaintiff's motion to amend her complaint which we previously decided to consider with the case. She seeks to change the name of the plaintiff from Joanne L. Svec to Joanne L. Svec, administrator of the estate of James R. Svec. Defendant, citing *Griffin v. Darda* (1975), 28 Ill. App. 3d 693, 329 N.E.2d 245, has objected to this amendment alleging prejudice.

■■ Throughout these proceedings plaintiff has maintained that she is seeking income continuation benefits under Part 2(d) of the policy. Defendant has insisted that she is actually seeking survivor benefits, an action for which would necessarily be brought in her individual capacity. Benefits under Part 2(d) are payable "to or for the benefit of the injured person," with no provision for survivor benefits. That plaintiff brought this action in her own name rather than in the name of decedent's estate as she now attempts to do, clearly supports defendant's position. The attempted substitution of plaintiff as administrator would result in an entirely new cause of action which was not before the trial court and it must therefore be denied.

In addition, the proferred amendment included a request to sue as a representative in a class action, however, counsel for plaintiff abandoned this portion of his motion at oral argument.

Plaintiff contends that the trial court erroneously interpreted Part 2(d) of the policy. She asserts that a literal reading of this portion of the policy together with the applicable definitions yields the conclusion that defendant must pay income continuation benefits even after the death of

the insured. She bases this conclusion on the following reasoning. In section (b) of Part 2 defendant agrees to pay "85% of the income lost * * * by the injured person * * * as a result of total disability * * *." The policy defines "injured person" as one "who sustains bodily injury" and "bodily injury" as including "death." Plaintiff concludes that because the named insured is dead, he has been "injured", is "totally disabled", and income continuation benefits are payable.

Plaintiff correctly states the general rule "that where language in an insurance policy is clear and unambiguous, it must be taken in its plain, ordinary and popular sense." (*Tuthill v. State Farm Insurance Co.* (1974), 19 Ill. App. 3d 491, 498, 311 N.E.2d 770, 776.) However, we fail to see how the trial court's interpretation here violates this rule. Indeed, it is plaintiff who seeks a strained interpretation of this provision, when the "plain ordinary and popular sense" is clear.

The term "disability" has never been interpreted to include death. On the contrary, in *Ferguson v. Penn Mutual Life Insurance Co. of Philadelphia* (1940), 305 Ill. App. 537, 27 N.E.2d 548, we rejected this very contention as hardly meriting "serious consideration." (305 Ill. App. 537, 542, 27 N.E.2d 548, 550.) As we noted then in quoting from *Hill v. Travelers' Insurance Co.* (1910), 146 Iowa 133, 135, 124 N.W. 898:

> "The word 'disability' does not express the same meaning as the word 'death'; nor is it ordinarily used as signifying the same thing.* * * None of the lexicographers, so far as we are advised, give it any broader meaning and the appellant has cited no case in which it is held to mean death." 305 Ill. App. 537, 543, 27 N.E.2d 548, 550.

■■ Plaintiff nonetheless urges us to reject this long standing and popular definition. Citing *Mid-Century Insurance Co. v. Safeco Insurance Co. of America* (1972), 7 Ill. App. 3d 408, 287 N.E.2d 529, for the proposition that the specific terms and definitions of an insurance policy govern its interpretation, she argues that defendant in its policy has redefined the term "disability." However, a policy is not ambiguous because a word or phrase is susceptible to one reasonable and one unreasonable meaning. (*Dodge v. Allstate Insurance Co.* (1967), 89 Ill. App. 2d 405, 233 N.E.2d 100.) Here, given the well-settled meaning and common usage of the term "disability", it is clear that defendant included death in its definition of the term "bodily injury" in conjunction with section (a) of Part 2. It provides that defendant "will pay to or for the benefit of the *injured person:* * * * all reasonable and necessary expenses for *funeral services* * * * subject ·to the limit per *injured person.*" (Emphasis added.) We cannot accept an unreasonable construction of the policy when a reasonable one is also present. *Brown v. Farmers*

*Automobile Insurance Association* (1969), 106 Ill. App. 2d 360, 245 N.E.2d 260 (abstract).

■■ Moreover, in construing an insurance policy the court should consider the instrument as a whole and endeavor to ascertain the intention of the parties from the written language used, taking into account the situation of the parties, the nature of the subject matter with which they are dealing, and the purpose which the parties sought to accomplish. (*Cook v. Suburban Casualty Co.* (1964), 54 Ill. App. 2d 190, 193, 203 N.E.2d 748, 750.) Here, Part 3—Coverage VB which insured chose not to purchase, but which was set forth in the policy he received, explicitly provides for income continuation benefits after an insured's death. When Part 3(d) is read together with Part 2(d) it becomes evident that Part 2(d) was never intended to provide income continuation benefits after the death of the insured.

■■ Plaintiff, however, citing a condition of the policy which limits the contract of insurance to the "applicable provisions of the policy" argues that because insured did not purchase Part 3 coverage, the court cannot consider it in construing the policy. Although no court in Illinois has considered this issue, we agree with the reasoning found in *Saul v. Saint Paul-Mercury Indemnity Co.* (1952), 173 Kan. 679, 250 P.2d 819. There the Kansas Supreme Court held that in construing an insurance contract courts should consider the entire policy including those options which appear in the policy and are available to insured, but which he declined to purchase. (See also, *United States Ins. Co. v. Boyer* (1954), 153 Tex. 415, 269 S.W.2d 340; *Ranger Insurance Co. v. Culberson* (5th Cir. 1971), 454 F.2d 857, *cert. denied* (1972), 407 U.S. 916, 32 L. Ed. 2d 691, 92 S. Ct. 2440.) The court found it could not ignore the fact that the protection insured now claimed had been offered and rejected by him when he purchased the policy. Moreover, the court noted as we do here, that plaintiff attached to his complaint the entire policy as constituting the contract of insurance.

Finally plaintiff asserted at oral argument that even if Part 3 may be considered in interpreting the policy, that Parts 2 and 3 are not mutually exclusive. However, having failed to argue this point in her brief, plaintiff has waived it on review. Ill. Rev. Stat. 1975, ch. 110A, par. 341(e)(7); *In re Estate of Trahey* (1975), 25 Ill. App. 3d 727, 232 N.E.2d 813.

For the foregoing reasons the judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN, P. J., and MEJDA, J., concur.