SAMUEL, Judge.
Plaintiff, individually and in her capacity as executrix of the Succession of Bruce Harrison, appeals from a judgment dismissing her suit against the defendant for the balance allegedly due under a disability insurance policy, and for penalties and attorney’s fees.
The policy in question is a group policy issued to the Airline Pilots Association which provides, among other coverages, loss of license disability benefits. These benefits are paid to an insured who has supplied proof of his disability and has been continuously disabled for 14 months. The benefits continue, as long as the insured is disabled, for a maximum of 46 months. The policy *1011 affords the insured the option of taking a lump sum in lieu of monthly payments if he is totally and permanently disabled. This option is available only if the insured has been receiving benefits for at least 10 months. If the insured exercises this option, the amount he receives is discounted, and is less than the total amount he would receive in monthly benefits.
The decedent, plaintiff’s husband, a pilot for Delta Air Lines, Inc., was disabled as a result of diabetes millitus. He had submitted a claim for loss of license disability income benefits and, after the 14 months qualifying period had elapsed, had received benefits of $1,000 per month for 27 months until he died on July 25, 1979. Mrs. Harrison then filed this suit claiming the defendant should have continued to pay disability benefits for an additional 19 months, up to the maximum 46 months provided by the policy.
In this court, appellant contends: (1) Decedent was wrongfully deprived of his right to a lump sum payment; (2) since there is no termination clause in the policy, payments should not have been terminated on death; and (3) plaintiff is entitled to penalties and attorney’s fees.
Relative to appellant’s first contention, she relies on that portion of the policy referrable to the lump sum payment which reads:
“Lump Sum Payment Option
You may elect a lump sum payment for each $500 for which you are insured in lieu of any monthly benefits. This election can be exercised at the expiration of 24 months of continued disability but only if the Equitable determines that you are permanently unable to perform every duty pertaining to your employment in the capacity for which you hold a Federal Aviation Flight Deck Certificate validated by a current Federal Aviation Agency Medical Certificate. If such election is made after 24 months of continuous disability each lump sum payment shall be reduced by the number of monthly benefit payments made after the expiration of such 24 month period.”
Basically, appellant contends defendant had sufficient medical information to determine decedant was totally and permanently disabled and that it was incumbent upon it to inform decedent so that he could have elected to take a lump sum in lieu of monthly payments.
This argument is without merit. If defendant had sufficient medical information to make such a determination, then it is equally clear that decedent had access to the same information. The election was his, not theirs. The trial court found as a fact that “. . . . Harrison, having elected monthly payments, having knowledge of the lump sum privilege did not elect in the almost one and one-half years of eligibility to change his election. He knowingly and intelligently opted for the monthly payments as opposed to the lump sum payment which his widow now seeks.”
This finding was based upon Mrs. Harrison’s own testimony that her husband knew of the benefits, did not want the lump sum and decided to take the monthly benefits.
Appellant’s second contention also is without merit. The portion of the policy on which she bases this claim reads:
“When Do Benefits Begin And End
Benefits will begin with the first day after the qualifying period of 14 consecutive months and beginning with the 15th month will be payable while you continue to be so disabled, if due proof is given to the Equitable, for 46 months with respect to any one period of disability. Benefits will not be payable beyond the date you attain age 60.” (Emphasis ours).
Plaintiff argues she is entitled to receive the benefits for the balance of the maximum 46 months because this provision does not specify death as a cause of termination of benefits.
This contention is not res nova in this state. The Third Circuit has considered the same contention in Lemaire v. Continental Casualty Company, 284 So.2d 102, writ denied, 287 So.2d 188, holding that death is not a form of disability and therefore dis *1012 ability benefits ceased at death. The Le-maire court further stated that its decision was consistent with cases from other jurisdictions, citing with approval American Home Assurance Company v. Hughes, 209 Va. 514, 165 S.E.2d 411, in which that court observed:
“. . .. Disability presupposes life. Death is the antethesis of life.”[1]
There is another valid reason why an insurance company has a right to discontinue disability benefits upon the death of the insured: The insurer is entitled to periodic examinations of the insured to determine whether or not the disability still exists, and to be effective, such examination would have to be made while the insured was alive. We conclude the trial court correctly found the policy did not provide for disability payments following death.
Appellant’s third contention, that she is entitled to penalties and attorney’s fees under the provisions of R.S. 22:657 A for failure to continue benefits while the court was interpreting provisions of the policy contested by her, also is without merit. It is effectively answered by the fact that no benefits were payable after death.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.

. See also Galvin v. Occidental Life Insurance Company of California, 206 Pa.Super. 61, 211 A.2d 120; Hinkley v. Penn. Mutual Life Insur-anee Company of Philadelphia, D.C. 37 F.Supp. 1018.