Eric C. Flodberg, et al., Plaintiffs-Appellees, v. Dewey Whitcomb, Defendant-Appellant.

Gen. No. 51,052.

First District, Third Division.

January 26, 1967.

Rehearing denied February 16, 1967.

Herbert Zahn, of Lombard, and Zeno Middleton, of Chicago, for appellant.

Jack L. Sachs, of Chicago (Sidney Z. Karasik, of counsel), for appellees.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

Anton Flodberg, his wife Christina, and Hilma Anderson were injured when the defendant's automobile in

which they were riding struck a utility pole. They brought suit against the defendant, Dewey Whitcomb. A jury found the defendant liable and judgments for all three plaintiffs were entered. The defendant has appealed. The principal issue is whether, under the facts of the case, it was necessary for the plaintiffs to prove willful and wanton misconduct on the part of the defendant in order to recover.

On April 15, 1958, after attending a funeral the defendant, Fritz Borgman, Esther Pearson and the plaintiffs went to the parsonage for coffee. There Whitcomb was asked to drive the others home; no contention is made that the plaintiffs were passengers for hire. At a corner near their homes Whitcomb stopped his car to let Borgman and Esther Pearson out. The Flodbergs and Esther Pearson were in the rear seat and the latter alighted from the right rear door. Borgman was seated in the front seat between the defendant and Hilma Anderson; because Hilma Anderson was an elderly woman Whitcomb decided to get out of the car to let Borgman alight from the driver's side. Whitcomb put the emergency brake on and started to get out, but he left the car's engine running and its transmission engaged. He had his left hand on the steering wheel and one foot on the ground when Borgman moved under the steering wheel. Borgman stepped on the accelerator, the car moved forward dragging Whitcomb along and causing him to fall. The automobile then struck a utility pole and turned over.

The defendant's main contention is that the trial court erred in refusing to give instructions based on the guest statute (Ill Rev Stats, c 95½, § 9–201 (1957)). The plaintiffs' responses are that the defendant's failure to plead the guest statute as an affirmative defense waived the defense, that his answer to their complaint and the admissions of his counsel were judicial admissions which conclusively barred application of the statute, and that even if the statute were otherwise applicable the evidence

showed that the host-guest relationship had terminated before the accident occurred.

■ Neither the complaint nor answer mentioned the guest statute by name or designated it by citation. The plaintiffs argue that the statute is an affirmative defense and that the defendant's failure to plead this defense precludes him from relying upon it. A party will not be permitted to argue on appeal a defense not interposed by his answer (Kioutas v. City of Chicago, 59 Ill App2d 441, 208 NE2d 587 (1965); Consoer v. Addis, 37 Ill App 2d 105, 185 NE2d 97 (1962)) but the theory of liability set forth in the plaintiffs' complaint was based in part upon the statute's standard of willful and wanton misconduct. The complaint alleged that it was the defendant's duty to avoid any willful, wanton, careless or negligent conduct which would cause injury to the plaintiffs, that he breached his duty by carelessly, negligently, willfully and wantonly leaving the vehicle while the motor was engaged and the gears were in a drive position and that at the time of the injuries the plaintiffs were free from any willful or wanton misconduct. It also alleged that the plaintiffs' damages were the result of the negligent, willful and wanton misconduct of the defendant. The defendant's answer denied these allegations and averred that the injuries sustained were not the result of any willful or wanton misconduct. The guest statute was injected into the case by the complaint's charging the defendant with willful and wanton conduct; the answer denied the charge; the issue was joined and the case was tried on this issue.

■ The portion of the defendant's answer which the plaintiffs claim is a judicial admission is as follows:

"The defendant admits . . . that he was the owner of a certain motor vehicle at the time and place . . . [specified in the complaint], but specifically denies that he operated said motor vehicle at the time of the occurrence. . . ."

323

The defendant's answer, while denying he operated the automobile, did not deny that he was its driver. The answer obviously intended to negative the plaintiffs' allegation that he operated it at the time of the accident. Since the statute applies to the driver of a motor vehicle as well as to its operator, the answer was not an admission that the guest statute was inapplicable to the case.

The admission of the defendant's counsel which is claimed to conclusively bar application of the guest statute occurred in a discussion between the court and counsel outside the presence of the jury: the defendant's counsel replied affirmatively to the court's question whether he contended that Borgman, the man who stepped on the accelerator, was driving the car or was in charge of the car when the defendant stepped out to permit him to slide under the steering wheel. The court then stated that he was going to hold as a matter of law that the statute did not apply and defense counsel protested. This discussion did not bar the application of the guest statute. At best it resulted in an understanding as to the facts in evidence, for the defendant's attorney did not acquiesce in the court's ruling.

The plaintiffs cite three cases which are said to support their position that if a driver steps out of his vehicle the host-guest relationship terminates. Randolph v. Webb, 44 Ill App2d 118, 194 NE2d 379 (1963); Puckett v. Pailthorpe, 207 Ia 613, 223 NW 254 (1929), and Panopulos v. Maderis (Cal App), 293 P2d 121, vacated 47 Cal2d 337, 303 P2d 738 (1956). The first two cases are distinguishable on their facts and the third, an opinion by a California District Court of Appeal, was reversed by the California Supreme Court. 47 Cal2d 337, 303 P2d 738 (1956). In the Randolph case the accident occurred after the plaintiff had alighted upon completion of the contemplated trip. In Puckett v. Pailthorpe the accident happened before the trip commenced. The defendants

told the plaintiff that they would give her a ride, that they would be ready to leave after they finished their dinner, and that she should await them in the automobile. The automobile door fell on the plaintiff as she entered. The Panopulos case involved an accident which occurred while the defendant-driver was temporarily outside the vehicle and judgments for the defendant were reversed by the Court of Appeal on the ground that the guest statute did not apply. The Supreme Court reversed and stated that the case was to be distinguished from that where a guest has temporarily left the vehicle; that when a guest remains in the vehicle while the driver steps out, he is still occupying the host's property and enjoying his hospitality.

Courts of other jurisdictions have passed upon the same issue and have arrived at the same decision. See, e. g., Horst v. Holtzen, 249 Ia 598, 90 NW2d 41 (1958). A decision by our own court carries the implication that the guest statute may be applicable even though a defendant-driver has alighted from his vehicle before the accident occurs (see Marks v. Newburger, 69 Ill App2d 220, 216 NE2d 250 (1966)), and two other Illinois cases imply that the driver's absence from his vehicle at the time of the accident does not necessarily preclude the statute's application. (Tallios v. Tallios, 350 Ill App 299, 112 NE2d 723 (1953) and Haskell v. Perkins, 16 Ill App2d 428, 148 NE2d 625 (1958).)

In Tallios the defendant was driving the plaintiff home when the latter discovered that she could not find her purse in the truck. The defendant stopped the truck and she got out to look for it under the seat. While she was getting back in, the truck moved forward and caused her to fall. She contended that the host-guest relationship terminated when the truck stopped and she alighted. The court rejected her contention, stating that limiting the effect of the statute to accidents occurring when a guest

is seated in an automobile in motion would defeat or impair the legislative purpose. Analogizing the host-guest relation to that of common carrier and passenger for hire, the court held that the host-guest relation begins when the guest attempts to enter and ends when he has safely alighted at the termination of the ride.

Haskell v. Perkins also involved an accident which occurred during an interruption of the ride. The plaintiff and the defendant both got out of the car when the latter stopped to help a stranded motorist. The plaintiff went to a spot about 20 feet from the pavement where he was struck by a motorist. The defendant contended that since the plaintiff had not reached his intended destination he was still a guest under the rationale of the Tallios case. The court held that the host-guest relation terminated when the ride was interrupted since the stopping was not incidental to any courtesy being extended by the defendant to his guest.

■ These cases indicate that the purpose for which the ride was interrupted determines the applicability of the guest statute: if the purpose was for the host to extend a courtesy to his guest the statute governs their relationship. Although this test was developed in cases where the controversy centered on the effect of the rider's being outside the vehicle, it is likewise pertinent where the driver is outside, for the relationship between the parties of host and guest is reciprocal.

■ In the instant case the defendant stopped his automobile to allow Esther Pearson and Borgman to alight— to extend the very courtesy which they had requested. He was then the driver of the vehicle and, although he ceased operating it, there is no doubt that he and all the parties anticipated that he would immediately resume his driving. The plaintiffs were persons riding in the motor vehicle as guests and one of them, Hilma Anderson, was his mother-in-law. Although the defendant had gotten

out of the automobile, his purpose was in accord with his status as host; consequently, the host-guest relationship continued.

■ ■ The plaintiffs were not entitled to judgment unless the evidence showed the defendant guilty of willful or wanton misconduct. Willful or wanton misconduct is established when the evidence proves that the defendant acted intentionally or with reckless disregard or conscious indifference for the consequences when the safety of others was known to be involved. Myers v. Krajefska, 8 Ill2d 322, 134 NE2d 277 (1956); Cooper v. Cox, 31 Ill App2d 51, 175 NE2d 651 (1961). The defendant did leave the motor running and the transmission engaged when he alighted, but he set the emergency brake. He could not reasonably anticipate that Borgman would step on the accelerator as he got out of the automobile. The defendant's conduct may have been negligent, but it fell far short of being intentionally harmful, and it did not exhibit a conscious disregard for the safety of his passengers. His conduct not being willful or wanton, the judgments for the plaintiffs must be reversed.

Our conclusion makes it unnecessary to review other errors which are alleged to have occurred during the trial.

Judgments for the plaintiffs reversed and judgment for the defendant entered in this court.

SULLIVAN, P. J. and SCHWARTZ, J., concur.