Velma Rogers, Plaintiff-Appellee, v. Jean Hollandsworth, Defendant-Appellant, v. Mary Wages, Defendant-Cross-Appellant.

Gen. No. 69–44.

Third District.

January 27, 1970.

R. Jack Ott, Knoblock & Ott, of Peoria, for Jean Hollandsworth.

Walter J. Sebo, of Canton, for Velma Rogers.

Robert Jackson, Westervelt, Johnson, Nicoll & Keller, of Peoria, for Mary Wages.

STOUDER, P. J.

Velma Rogers, Plaintiff-Appellee and Cross-Appellant, commenced this action in the Circuit Court of Fulton County seeking damages for personal injury. In the first count of a two-count complaint, plaintiff Rogers charged Jean Hollandsworth, Defendant-Appellant, with wilful and wanton misconduct, the defendant being the driver of an automobile in which plaintiff was a passenger. In the second count, plaintiff Rogers charged Mary Wages, Defendant cross-appellee, with negligence, the defendant being the operator of the other automobile involved in the incident. Both counts were tried at the same time before a jury. On the wilful and wanton count against defendant Hollandsworth, the jury returned a verdict in favor of plaintiff in the amount of $10,000. On the negligence count against defendant Wages, the jury returned a verdict of not guilty. Judgments were entered on the verdicts and post-trial motions were denied. Defendant

Hollandsworth has appealed from the adverse judgment on the wilful and wanton count and plaintiff Rogers has cross-appealed from the adverse judgment on the negligence count.

Plaintiff Rogers, a resident of Fulton County, lived on the east side of a gravel road which goes in a generally north-south direction and which is known as the Old Duck Island Road. On November 7, 1965, plaintiff, together with her daughters, defendant Hollandsworth and Susan Ford, got into defendant Hollandsworth's automobile intending to go to a neighboring town to get Sunday papers. All three ladies sat in the front seat, defendant Hollandsworth being the driver, plaintiff Rogers sitting in the middle and Susan Ford sitting on the right side of the front seat. Hollandsworth backed her automobile out of the driveway which went generally in an east-west direction toward the gravel road. She backed the automobile onto the gravel road in such a way that it was headed in a generally southerly direction, the direction she intended to go. After she had proceeded in a southerly direction about five feet from the intersection of the driveway and gravel road, a collision took place between the Hollandsworth automobile and one operated by Mary Wages, a second defendant, the Wages' automobile being operated in a generally northerly direction on the gravel road. The force of the collision which was more or less head-on, welded the cars together, forced the Hollandsworth car backwards, and both cars came to rest together in a ditch on the west side of the gravel road some fifty-one feet north of the intersection of the driveway and road.

From the point where the driveway intersects the gravel road, the road rises quite sharply to the south, the crest of the hill being one hundred fifty-two feet south of the driveway. The hill is such that the driver of an automobile proceeding in a southerly direction at

the intersection of the driveway could not see beyond the crest of the hill to the south, or a distance of a hundred fifty-two feet. Likewise, the driver of an automobile proceeding in a northerly direction would first be able to see the driveway intersection only after reaching the crest of the hill.

Since the incident involved the collision of automobiles proceeding in opposite directions, the central issues, as might be anticipated, involve the location and the manner of operation of the automobiles at and immediately prior to the collision.

Plaintiff Rogers, Defendant Hollandsworth, and the other passenger Ford gave similar accounts of the occurrence. Each testified that defendant Hollandsworth backed her car into the proper lane to proceed south (west half of gravel road) and that defendant Hollandsworth did not cross over the center line. Further, each testified that as the Hollandsworth automobile started to proceed south they saw the Wages' automobile headed down the hill straight at them, traveling at a high rate of speed estimated by them to be between 70 and 75 miles per hour.

Wages, the other defendant, testified that after passing the crest of the hill headed in the northerly direction, she saw the automobile of Hollandsworth in the middle of the road headed south. She applied her brakes continuously until the collision took place, not being able to stop prior thereto.

A State Police officer and the County Sheriff reached the scene of the collision before the automobiles were moved. They testified at the request of plaintiff and their testimony included a description of skid marks, debris and location and condition of the automobiles. They testified that the gravel road was twenty-two feet wide, and that skid marks on the gravel road left by the

right wheels of the Wages automobile commenced at a point thirty-seven feet south of the point of impact and six feet from the east edge of the gravel road. The left-wheel skid marks measured forty-two feet and the skid marks continued in a straight line to the point of impact. The State Police officer testified that most of the debris was in the northbound or east half of the gravel road, while the sheriff testified that the debris was in the middle of the road. Photographs of the damaged automobiles were admitted as exhibits. They showed extensive damage to the front of each automobile and there is conflict in the conclusions which each party seeks to support by such photographs.

The gist of the wilful and wanton count against defendant Hollandsworth is that she failed to operate her automobile on the proper side of the road. The gist of the negligence count against defendant Wages is that she operated her automobile at an excessive rate of speed, thus preventing her from exercising due care with respect to other automobiles on the roadway.

No questions are raised on the pleadings, admission of evidence, instructions or on the issue of damages.

Defendant Hollandsworth argues that the trial court erred in refusing to direct a verdict in her favor at the close of all the evidence and in refusing to grant her motion for judgment notwithstanding the verdict. Defendant argues that plaintiff failed to sustain her burden of proof as a matter of law.

■■ As indicated in Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 229 NE2d 504, the rules with respect to when a verdict ought to be directed at the close of all of the evidence and when a judgment ought to be entered notwithstanding the verdict of a jury are the same. Further, Pedrick indicates judgment notwithstanding the verdict ought to be entered in those cases in

which all of the evidence, when viewed in the aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on the evidence could ever stand.

██ Since plaintiff Rogers was a guest passenger in defendant Hollandsworth's automobile, section 9–201, c 95½, Ill Rev Stats 1965, is applicable and defendant Hollandsworth is liable only for wilful and wanton misconduct. In the recent case of Bernier v. Skripek, 86 Ill App2d 118, 229 NE2d 890, cited by defendant Hollandsworth, a divided court reviews at some length the Illinois precedents defining and applying the wilful and wanton misconduct rule. The court in Bernier refers to and discusses most of the cases cited by the parties in the instant case, and we believe it unnecessary to again review such cases. From such cases it may be concluded that there is a distinction between wilful and wanton misconduct and ordinary negligence. Wilful and wanton misconduct as defined in IPI 14.01 includes ". . . the conscious disregard for the safety of others. . . ."

██ Defendant argues the evidence as a matter of law fails to show any improper mental state as contemplated by the definition of wilful and wanton misconduct. To support this argument defendant Hollandsworth directs our attention to her testimony, the testimony of the plaintiff Rogers, and that of the other passenger Ford. As outlined above, the testimony of these three persons (all passengers in the Hollandsworth car) was that at the time of the collision and prior thereto the Hollandsworth vehicle was in the proper lane of the road. Such evidence does support defendant's argument but ignores the proper application of the Pedrick rule which requires that all evidence favorable to plaintiff be considered. From the evidence considered in its aspect most favorable to plaintiff, which consists of the testimony of the two police officers, the Defendant Wages and the documentary exhibits, it may be in-

ferred that the Hollandsworth vehicle was not on its proper side of the road but was either in the center of the road or completely in the northbound lane of the road. Furthermore, defendant Hollandsworth was familiar with the general area, including the limited visibility between the hill and the intersection. She must be deemed to have known that on account of such limited visibility, the partial or complete obstruction of the northbound lane by her vehicle would constitute a dangerous situation. If, as we believe may be inferred from the evidence, defendant Hollandsworth backed her car either into the northbound lane or into the center of the road preparatory to heading south, the jury could have concluded that such conduct constituted a conscious disregard for the safety of others.

What we have already said in large measure is equally applicable to the cross-appeal of plaintiff Rogers from the verdict and judgment in favor of defendant Wages. The alleged negligence of defendant Wages was based on disputed facts and accordingly, we believe the issue was properly submitted to the jury and its resolution of the issue was supported by ample evidence. As we have heretofore indicated, there is a substantial conflict in the evidence concerning whether the Hollandsworth vehicle was in the east lane, the center, or the west lane of the road. Furthermore, the speed at which defendant was driving is also disputed. Under these circumstances we believe there is sufficient evidence from which the jury could properly have inferred that the conduct of the defendant Wages was either nonnegligent or not the proximate cause of plaintiff's injuries.

For the foregoing reasons the judgments of the Circuit Court of Fulton County are affirmed.

Judgments affirmed.

ALLOY and TRAPP, JJ., concur.