ED HARRIS, d/b/a MADISON DECORATING COMPANY, Plaintiff-Appellee, *v.* BARRY B. SHUMAN, Defendant-Appellant.

(No. 57742;

First District (1st Division)—May 14, 1973.

Weisberg, Lebold & Newman, Ltd., of Chicago, (Alfred M. Walter, of counsel,) for appellant.

Joseph E. Fitzgerald, and Canel & Canel, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

This was an action to recover the balance due on a contract by which plaintiff undertook painting and decorating work upon defendant's home in Highland Park, Illinois. After a bench trial, judgment was entered for plaintiff and against defendant in the amount of $1,834.25. Defendant appeals, contending essentially that he was entitled to a set-off or a recoupment against the amount demanded for work improperly performed by plaintiff under the contract, in an amount greater than that awarded him by the court.

The record reveals that plaintiff was engaged by defendant to perform painting and wallpapering services in defendant's home at a cost of $3,744.25, that $1700 was paid by defendant on account, and that by this action plaintiff claimed the balance of $2,044.25. After the paper was hung by plaintiff's subcontractor, it began pulling away from the walls, plaintiff returned to the defendant's home on several occasions in an effort to correct the condition and finally plaintiff, at his own cost, completely stripped the papered walls, primed them with a sealer, and rehung the paper. Since the rehanging of the paper the loosening condition still prevailed and, although demanded by plaintiff, defendant refused to pay the balance due on the contract. The reason given by plaintiff for the loosening condition of the paper was moisture in the walls created by the nature of the base of the paint previously covering the walls and the vacant condition of the house for several years. The house had been displayed by its builder as a model home for several years, accounting for its vacant condition. Plaintiff had initially decorated the interior of the building at which time he had applied a paint the base of which was not the same as that covering the walls at the time that the papering work was performed under the contract. Several decorators testified as to the cost of rectifying the work done by plaintiff, which the trial court expressly found to have been poorly performed and in an unworkmanlike manner.

Defendant filed no counterclaim with his answer to the complaint as required by Section 38 of the Civil Practice Act, although the answer affirmatively set up the defense of non-payment by reason of the poor and unworkmanlike manner in which the services were performed. (Ill. Rev. Stat. 1971, ch. 110, par. 38.) Although defense counsel at the trial twice broached the question of filing a counterclaim, his motion in that regard was not ruled upon. However, it appears from the record that the court and the parties all proceeded as though a counterclaim

had in fact been filed, as evidenced by plaintiff's counsel's concession that defendant be allowed the sum of $210 from the balance demanded under the contract and by the court's entry of the judgment in the amount of $210 less than demanded. Since this court has the power on its own motion to order an amendment of the pleadings to be made and further since the court and the parties proceeded at the trial of this case as if a counterclaim had been filed, it is ordered that defendant's answer to the complaint be and it is amended to include a counterclaim for recoupment of whatever damages he suffered by reason of the faulty and unworkmanlike services performed by plaintiff under the contract. See Supreme Court Rule 362(f) (Ill. Rev. Stat. 1971, ch. 110A, par. 362); *Simonson v. Simonson,* 128 Ill.App.2d 39, 47-48, 262 N.E.2d 326, 331-32.

■■ As noted, the trial court allowed the sum of $210 as recoupment for defendant's damages under the contract for plaintiff's faulty performance. It further appears that that sum was the amount plaintiff charged defendant for the paperhanging services of plaintiff's subcontractor, or, in other words, the contract price for the paperhanging services. That measure of establishing damages for recoupment was improper. Rather, the proper measure should be the cost of remedying the defects and deficiencies of the work performed, such as was testified to by the three decorators. See *Hanavan v. Dye,* 4 Ill.App.3d 576, 281 N.E.2d 398; *Rehr v. West,* 333 Ill.App. 160, 76 N.E.2d 808.

For these reasons the defendant's answer is amended to incorporate a counterclaim for recoupment of damages suffered by reason of the faulty workmanship performed under the contract, and the judgment of the circuit court of Cook County is reversed and the cause remanded for proceedings not inconsistent with the views expressed herein.

Answer amended. Judgment reversed and cause remanded with directions.

GOLDBERG and EGAN, JJ., concur.