OPAL GRIFFIN, Plaintiff-Appellant, *v.* LARRY A. DARDA *et al.,* Defendants-Appellees.

(Nos. 56907, 57667 cons.;

First District (2nd Division)—April 29, 1975.

694

Philip H. Corboy and Paul B. Episcope, both of Chicago, for appellant.

Pretzel, Stouffer, Nolan & Rooney, of Chicago (Joseph B. Lederleitner, of counsel), for appellees.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This litigation began with a suit by Opal Griffin to recover for personal injuries she sustained when an automobile in which she was a passenger collided with another vehicle. The defendants were her sister, Lillian Foster, driver of the automobile; Larry A. Darda and Frank E. Darda, driver and occupant, respectively, of the other vehicle. Jury was waived;

and after all the evidence was heard, the trial court entered judgment for the defendants.

Opal Griffin appeals from the judgment in favor of her sister. She docketed the record in this court and then moved for leave to file an amended complaint. We took the motion with the case. Thereafter, she filed a brief which presented two issues for our review: (1) Whether the trial court erred in applying the Illinois Guest Act to the facts of this case. (2) Whether as a passenger in the automobile driven by her sister, she had the duty to warn her driver of any impending danger. The material facts are uncontradicted.

On a bright sunny afternoon, September 13, 1964, sometime between 3:30 and 4 P.M., Opal Griffin and Lillian Foster were in an automobile approaching the intersection of Route 66 and a cloverleaf of the Tri-State Tollway in Cook County, Illinois. Lillian Foster owned the automobile, and she was driving; Opal Griffin was a passenger, in the front seat looking at a road map. The two women were on a journey from Livingston Manor, New York to Pendleton, Oregon for a visit with their brothers and sisters. They were sharing the vehicle expenses of the trip. At the intersection, Lillian Foster's automobile crashed into the side of one being driven by Larry A. Darda. His father, Frank E. Darda, was a passenger in the car.

Opal Griffin was injured in the collision; and to recover for her injuries she filed a two-count complaint against her sister and the Dardas. In count I she alleged that the Dardas were negligent in the operation of their vehicle, caused the collision and injured her. In count II she alleged she was a guest in Lillian Foster's automobile; and that her sister, in operating it, was guilty of willful and wanton misconduct that caused the collision and her injuries. Defendants answered the complaint and denied its material allegations. Then the case went to trial without a jury.

The evidence was heard; and during final arguments, in response to the observation of opposing counsel that the count against Lillian Foster was based on allegations of willful and wanton misconduct, the lawyer representing Opal Griffin said, "I'll move to amend my complaint as negligence against Foster." The motion was not in writing; none was filed; no amended complaint was tendered; and no ruling by the trial court was obtained. Thereafter, findings were made in defendants' favor and judgments were entered for them, with costs.

Opal Griffin appeals to this court only from the judgment in her sister's favor. And based on the comment of her counsel during final argument in the trial court, she asks us to allow her to file an amended complaint adding a count in which she will allege that alternative to the

charge that she was willful and wanton, her sister was negligent in the operation of her automobile; and that the negligence caused the collision which resulted in the injuries alleged in the complaint. We will first decide whether this request should be granted.

■■ In the count in which she sought to state a case against her sister, Opal Griffin alleged that she was a guest in Lillian Foster's automobile when she was injured. The answer admitted that this was true. Therefore, there was no issue between the parties on this point. In Illinois, the driver of an automobile is liable to his guest only for willful and wanton misconduct, as distinguished from ordinary negligence. (*Rogers v. Hollandsworth*, 120 Ill.App.2d 5, 255 N.E.2d 507; Ill. Rev. Stat. 1963, ch. 95½, par. 9—201.) Willful and wanton misconduct is a conscious disregard for one's own safety and that of others. (*Bernier v. Skripek*, 86 Ill.App.2d 118, 229 N.E.2d 890.) Negligence is the failure to exercise the standard of care of a reasonably prudent person under the circumstances of a case. (*Lukasik v. Hajdas*, 104 Ill.App.2d 1, 244 N.E.2d 404.) These concepts are not synonymous. In fact, it has been said that negligence and willfulness are as unmixable as oil and water. (*Bartolucci v. Falleti*, 382 Ill. 168, 176, 46 N.E.2d 980.) Consequently, a defendant who faces allegations that he was willful and wanton is on a footing different from one who appears to meet allegations that he was guilty of negligence. (Compare *Breslin v. Bates*, 14 Ill.App.3d 941, 303 N.E.2d 807.) The degree of culpability is greater under a charge of willful and wanton. (See *Fosdick v. Servis*, 40 Ill.App.2d 363, 189 N.E.2d 538.) The proof is distinguishable; less evidence is required to prove negligence. (See *Randle v. Adams*, 34 Ill.App.2d 314, 180 N.E.2d 699 (abstract opinion).) Therefore, an amended complaint with a negligence count would be to Opal Griffin's benefit.

■■ We have the power, either on our motion or that of any party, to order the amendment of pleadings in this Court. (*Harris v. Shuman*, 11 Ill.App.3d 894, 298 N.E.2d 341; *Admiral Oasis Hotel Corp. v. Home Gas Industries, Inc.*, 68 Ill.App.2d 297, 216 N.E.2d 282; Supreme Court Rule 362(a), Ill. Rev. Stat. 1971, ch. 110A, par. 362(a).) However, "[t]he application, and the affidavit in support thereof, must show the amendment to be necessary, that no prejudice will result to the adverse party if the amendment sought is permitted, and that the issues sought to be raised by the amendment are supported by the facts in the record on appeal." Supreme Court Rule 362(b) (Ill. Rev. Stat. 1971, ch. 110A, par. 362(b)).

In this case, the trial under count II proceeded on the theory that when Opal Griffin was injured, Lillian Foster was guilty of willful and wanton misconduct. Witnesses were called, cross-examination was con-

ducted, and evidence was presented in accordance with this theory. There is no fact in the record to support the notion that negligence was a theory of the case. (Compare *Simonson v. Simonson,* 128 Ill.App.2d 39, 262 N.E.2d 326; *Booker v. United Savings and Loan Association,* 48 Ill.App.2d 246, 198 N.E.2d 545.) Now, in this court, we are asked to overrule objections and allow the filing of an amended complaint which would allege that on the occasion in question Lillian Foster was guilty of negligence. In our judgment, this would be prejudicial. Amendment to pleadings in this court should not be allowed when such amendment would prejudice the party that objects. (*Fleener v. Fleener,* 133 Ill.App.2d 118, 263 N.E.2d 879.) For this reason, Opal Griffin's motion to file an amended complaint is denied.

■ ■ ■ This leaves the case as it was in the trial court. The allegations in count II of Opal Griffin's complaint against her sister stated a cause of action under the Guest Act and injected that statute into this automobile accident litigation. (*Enloe v. Kirkwood,* 120 Ill.App.2d 117, 256 N.E.2d 459; *Flodberg v. Whitcomb,* 79 Ill.App.2d 320, 224 N.E.2d 606; see *Dursch v. Fair,* 61 Ill.App.2d 273, 209 N.E.2d 509.) It remained the underlying theory of the case without the complaint being amended to include negligence as one of the causes of action. (See *Aaron v. Dausch,* 313 Ill.App. 524, 40 N.E.2d 805; *Ashe v. Hatfield,* 13 Ill.App.3d 214, 300 N.E.2d 545.) It is true that Opal Griffin's counsel expressed the desire to amend her complaint so it could state a cause of action against Lillian Foster for negligence. But no motion was made; no amended complaint was tendered; nor was any ruling by the trial court obtained. To be effective, trial court rulings must appear on its records. (*Williams v. Harper,* 127 Ill.App. 619; compare *In re Annexation of Certain Territory to the City of Darien,* 16 Ill.App.3d 140, 304 N.E.2d 769.) None appear in this record changing the allegations that at the time of her injuries Opal Griffin was a guest in Lillian Foster's automobile. Therefore, the trial court did not err when it applied the Illinois Guest Act to the facts of this case. It did so and found that Lillian Foster was not guilty of willful and wanton misconduct. Consequently, we need not decide whether as a passenger in her sister's automobile Opal Griffin was under a duty to warn her driver of any impending danger. The judgment is affirmed.

Affirmed.

STAMOS and HAYES, JJ., concur.