THE CITY OF ELGIN, Plaintiff-Appellant, *v.* CARL RIPPBERGER, Defendant-Appellee.

Second District   No. 76-539

Opinion filed April 17, 1978.

Erwin W. Jentsch, Corporation Counsel, of Elgin, for appellant.

William F. Castillo, of Schaffner & Ariano, of Elgin, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

Plaintiff, City of Elgin, brought this action for injunction against defendant, Carl Rippberger, to require compliance by defendant with the zoning ordinance of the City of Elgin and for the imposition of a fine for its violation. The complaint alleged defendant maintained a multiple-family dwelling in a zoning district in which multiple uses were not permitted. Defendant's second amended answer raised as his single affirmative defense the existence of a lawful nonconforming multiple-family use of the premises. After a bench trial the court entered judgment in favor of defendant.

Plaintiff appealed contending defendant failed to establish the lawful nonconforming use of his property asserted by him in the trial court and in its brief filed in this court argued that issue extensively. Defendant thereafter filed his brief and argument in this court and in it made little or no response to the nonconforming use issue upon which this case was tried in the trial court but, instead, argued the further affirmative defenses of estoppel and the invalidity of the ordinance as applied to his property because its enforcement would be unreasonable and confiscatory. In its reply brief, plaintiff objected to defendant's raising these additional defenses for the first time on appeal asserting he waived both the defense of estoppel and his challenge to the validity of the zoning ordinance by not specifically pleading them as an affirmative defense in the trial court. Defendant thereupon filed a motion in this court in which he requested leave to amend his answer so that he might present these additional affirmative defenses to us on appeal. Plaintiff objected to the proposed amendments and we denied defendant's motion.

■■ It is apparent plaintiff had no opportunity to present evidence in the trial court as to the issues of equitable estoppel and the unconstitutionality of the ordinance plaintiff sought to enforce. In each of the cases relied upon by defendant in urging that we consider these added theories raised for the first time on appeal, the issues had been first both pleaded and litigated in the trial court. We will consider this case on the same basis as did the trial court and will not give further attention to the additional theories defendant seeks to now impose. "Amendment to pleadings in this court should not be allowed when such amendment would prejudice the party that objects. [Citation.]" *Griffin v. Darda* (1975), 28 Ill. App. 3d 693, 697, 329 N.E.2d 245, 248; Ill. Rev. Stat. 1973, ch. 110A, par. 362(a).

The subject property is located at 1191 Logan Avenue in Elgin and was purchased by defendant as an investment in 1971. It consists of a 12,000-square-foot lot containing a two-story stone and frame structure which now contains four apartments, each with its own kitchen and bath. The building is served by single gas and electric meters. The parties stipulated

that the building was constructed at some time prior to the adoption of plaintiff's first zoning ordinance in 1928 and it is clear under the evidence that it has been classified by successive ordinances for single family use since that time.

No evidence was presented as to the use of the property prior to 1928. Evidence of the nature of the occupancy and use of it since that time was submitted by reference to the Polk Directory: for 1927-28 it listed only a new house at that location; in 1929-30 it indicated one occupant lived at that address; in 1931-32 it showed a "vacant house"; in 1933-34 it indicated one occupant, and in 1935-36 showed for the first time that two occupants lived at that address but without indicating whether or not they occupied separate living quarters. In subsequent years, from 1936 to 1945, the directory listed the single street address of the dwelling together with the names of different combinations of four persons as residing at that address. A 1939 land use inventory, which had been made by plaintiff purporting to show the actual use of the various parcels of real estate within the city, classified defendant's property as containing a single-family dwelling.

Other evidence was presented that over the years permits had been issued by plaintiff to various prior owners of the property for improvements including a gas furnace conversion, a room addition, a sidewalk and a porch. An inspector employed by plaintiff who had recently examined the property testified the entrance doors to each of the apartments appeared to be of the same age. Defendant testified that all four of the kitchens and bathrooms appeared also to be of the same age but he did not know whether these areas were part of the original construction or had been added at some later time. This was the extent of the evidence presented in this case in support of defendant's affirmative defense of a lawful nonconforming use.

Section 11—13—15 of the Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 11—13—15) authorizes local authorities to institute an action to prevent use of a building in violation of a local zoning ordinance. Section 21—107 of the present zoning ordinance of the City of Elgin, adopted in 1962, provided that any "non-conforming building or structure or use which existed lawfully at the time of the adoption of this ordinance and which remains non-conforming * * * may be continued * * *."

■■ In order to sustain his affirmative defense defendant had the burden of proving that its use as a multiple-family dwelling in a district which has always been limited to single-family dwellings by the zoning ordinances of the municipality was established prior to the 1928 adoption of the first zoning ordinance of the City of Elgin.

"The burden of proof is upon the party asserting a right to a nonconforming use to establish the lawful and continued existence

of the use at the date of the enactment of the zoning laws pertaining to it." 8A McQuillin, The Law of Municipal Corporations §25.188a (3d ed. 1976); see *People ex rel. Gutknecht v. Emerson* (1957), 14 Ill. App. 2d 370, 144 N.E.2d 841.

■■ The evidence in the case at bar was that the building had been constructed at some undetermined time prior to the adoption of the first zoning ordinance and there was some slight evidence that the multiple kitchen and bathroom facilities all appeared to be of the same age. There was, however, no evidence that the building was occupied or used by more than one family prior to 1935 and the only evidence after 1935 suggesting possible multiple family use was the Polk Directory listing which we have described. No witnesses were called to testify to the actual occupancy or use of these premises before defendant acquired it in 1971. In *Camp v. City of Evanston* (1971), 3 Ill. App. 3d 189, 278 N.E.2d 131, this court held that a property owner had failed to establish the claimed existence of a lawful nonconforming use where the zoning ordinance prohibiting multiple family use in that district had been adopted in 1921, and where the only evidence of occupancy by·more than one family was a 1939 city directory listing of two different names at that address and the presence of second and separate kitchen and bath facilities constructed at the same time as the rest of the dwelling. (See also *People ex rel. Gutknecht v. Emerson* (1957), 14 Ill. App. 2d 370, 144 N.E.2d 841.) We conclude defendant has not met his burden of proof of the affirmative defense asserted by him in the trial court and that the determination of the tria judge was contrary to the manifest weight of the evidence.

■■ While plaintiff has urged that upon reversal this court should impose upon defendant an appropriate fine for violation of its ordinance, defendant is entitled to a hearing before the trial court on the question of the applicability of a fine in this case which has not been heretofore considered there.

For these reasons the judgment below is reversed and the cause is remanded to the Circuit Court of Kane County with directions that it enter judgment granting plaintiff the injunctive relief prayed for in its complaint and for such other relief as it may deem appropriate not inconsistent with this opinion.

Reversed and remanded with directions.

RECHENMACHER and WOODWARD, JJ., concur.