THE CITY OF PEORIA, Plaintiff-Appellee, v. WARREN E. DANZ, Defendant-Appellant.

Third District No. 3—91—0005

Opinion filed January 16, 1992.

Warren E. Danz, P.C., of Peoria (Warren E. Danz, *pro se*, of counsel), for appellant.

Clifton Mitchell, Assistant Corporation Counsel, of Peoria, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, City of Peoria (Peoria), brought this action for injunction against the defendant, Warren Danz, to require compliance by the defendant with a Peoria zoning ordinance and for the imposition of a fine for its violation. The complaint alleged the defendant maintained a duplex which failed to meet the minimum lot size requirement for duplexes in Peoria. After a bench trial, the court entered judgment in favor of Peoria. The defendant appeals.

On appeal, the defendant contends the trial court erred in finding that he failed to establish a lawful nonconforming use of his property.

The subject property is located at 1011 E. Frye Street in Peoria and was purchased by the defendant as an investment in 1974. To date, the subject property is approximately 80 to 85 years old, which places its date of construction between 1905 and 1910. In 1931, Peoria enacted a zoning ordinance requiring duplexes, like the defendant's, to have a minimum lot size of 5,000 square feet. The defendant's property has a lot size of 4,000 square feet.

The record shows that both the first and second floors of the subject property had two bedrooms, a kitchen, and a bathroom. Because of the type of materials employed on the second floor, an architect dated the construction of the second floor to the late 1920's, prior to the adoption of the zoning ordinance. The same architect testified that the structure had not been renovated from the time it was constructed as a duplex.

Further evidence was presented showing that the subject property was rented as a duplex from 1961 through the current date. The trial court, however, required the defendant to show that the property was rented from 1931, the date of the enactment of the ordinance, through 1961. This, even the trial court acknowledged, places a burden on the defendant that is virtually impossible to meet.

The defendant testified that since purchasing the subject property in 1974, he has rented it as a duplex continuously except for a few occasions where it might have been empty for a few weeks. He testified further that he initiated an investigation to determine whether the property had been used as a duplex from the date of the ordinance. He believed the property was in compliance due to a certificate of compliance he received from the Peoria housing department.

The trial court found the defendant failed to prove the existence of a lawful, nonconforming use. The defendant appeals.

It is settled that the burden of proof is upon the party asserting a right to a nonconforming use to establish the lawful and continued existence of the use at the date of the enactment of the zoning laws pertaining to it. (*City of Elgin v. Rippberger* (1978), 59 Ill. App. 3d 92, 375 N.E.2d 170.) In the instant case, the trial court placed an unreasonable burden on the defendant to show that, prior to the zoning ordinance and at all times since, the subject property has been used as a duplex. The court interpreted "use" to mean continuous occupancy as a duplex. The relevant zoning ordinance provides, however, that a nonconforming use is one which lawfully existed prior to the enactment of a zoning ordinance or zoning amendment but is maintained afterward even though it does not conform to the new use restrictions and even though similar uses could not thereafter be incorporated. The more reasonable interpretation of the ordinance places a burden on the defendant to prove that the subject property has been maintained as a valid nonconforming use since prior to enactment of the zoning change.

Furthermore, if the trial court's interpretation of use is accepted, it would place a burden on property owners to find a tenant, any tenant at any price, so as to not to lose its nonconforming status due to

failure to meet the "continuous occupancy" standard. The Peoria building code defines "use" as maintained in the manner existing prior to the enactment of the ordinance. That being the case, the defendant in the instant case established that the subject property was built prior to the enactment of the zoning ordinance as a duplex and had not been renovated since that time. We conclude, therefore, that the trial court erred in failing to find a lawful, nonconforming use.

For these reasons, we reverse the judgment of the circuit court of Peoria County.

Reversed.

GORMAN and HAASE, JJ., concur.