Archie L. BARNES, Appellant,

v.

Robert J. ZINDA et al., Appellee.

No. 4993.

Court of Civil Appeals of Texas, Waco.

Feb. 25, 1971.

Rehearing Denied March 18, 1971.

Mullinax, Wells, Mauzy & Collins (James C. Barber), Dallas, for appellant.

Muse, Currie & Kohen (Richard C. Jenkins), Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Barnes from a take nothing judgment against defendants Robert Zinda and Pat Zinda Vines in an automobile collision case.

Plaintiff sued Robert Zinda, Billy Vines and Pat Zinda Vines, alleging plaintiff's car was parked in front of a business on Desco Street in Grand Prairie; that it was struck in the rear by a car driven by Billy Vines with the express permission of Pat Zinda Vines and the implied permission of the car's owner, Robert Zinda. Plaintiff alleged Robert Zinda had given his daughter, Pat Zinda Vines permission to drive his car; that Pat negligently entrusted the car to Billy Vines when she knew he was an unlicensed driver or had very little driving experience; that Billy Vines failed to keep a proper lookout, drove too fast, failed to turn to the left, and drove without a license, all of which proximately caused him to hit plaintiff's parked car to plaintiff's damage.

Defendants Robert Zinda and Pat Zinda Vines denied entrusting the car to Billy Vines, and asserted he took possession of the car by force.

Trial was to a jury. At the close of plaintiff's evidence the court withdrew the case from the jury as to Robert Zinda and held that plaintiff take nothing as to him. At the close of the evidence the court withdrew the case from the jury as to Billy Vines and held plaintiff should recover against him.

The court submitted one issue to the jury inquiring if defendant Pat Zinda Vines willingly permitted Billy Vines to have her father's car on the occasion in question. The jury answered this issue "Yes".

The parties stipulated plaintiff's damages were $1050.

Plaintiff moved for judgment on the verdict, and defendant Pat Zinda Vines moved for judgment notwithstanding verdict.

The trial court rendered judgment notwithstanding verdict that plaintiff take nothing as to Pat Zinda Vines; that plaintiff take nothing as to Robert Zinda; and that plaintiff recover $1050. against Billy Vines.

Plaintiff appeals contending the trial court erred:

1) In withdrawing the case from the jury and rendering judgment for defendant Robert Zinda.

2) In denying plaintiff's motion for judgment on the verdict against Pat Zinda Vines.

3) In granting Pat Zinda Vines motion for judgment notwithstanding verdict.

Defendant Robert Zinda owned a car. Pat Zinda is his 16 year old daughter. She was dating Billy Vines against her father's wishes. Robert Zinda occasionally let Pat (who had completed driver's education and had a driver's license) drive his car, but always with the understanding she should never allow anyone else to drive it. On September 3, 1969 Zinda allowed Pat to use his car to visit a girlfriend. Instead, she drove to Billy Vines' apartment. While she was there Billy obtained the keys to her father's car and drove away. The evidence conflicts as to whether he obtained the keys by force or whether she willingly permitted him to drive the car. While Billy was driving the car he ran into plaintiff's parked car.

Several weeks after the collision Pat then 16, and Billy 17, married. The evidence is undisputed that Billy was guilty of negligence proximately causing plaintiff's damage.

Plaintiff's 1st contention asserts the trial court erred in entering judgment for defendant Robert Zinda.

The record reflects Robert Zinda expressly prohibited his daughter from ever loaning his car to anyone. He had forbidden his daughter from seeing Billy Vines. He had no prior problems connected with Pat's use of the car. Vines had never driven the car or been in the car before.

To impose liability against the owner of an automobile for automobile negligence of the driver, it must be shown that the driver was using the car at the owner's direction; or in furtherance of the owner's business; or that the owner knowingly entrusted the vehicle to an incompetent or unlicensed driver. Hanson v. Green, Tex. Civ.App., Er. Ref., 339 S.W.2d 381.

There is no evidence that Robert Zinda lent his car to Billy Vines; or allowed his daughter to do so; or that Vines was about any business of Zinda's.

The take nothing judgment as to Robert Zinda was proper.

Plaintiff's 2nd and 3rd contentions complain of the trial court's denial of plaintiff's motion for judgment on the verdict, and entry of judgment notwithstanding verdict that plaintiff take nothing as to Pat Zinda Vines.

The only issue submitted to the jury found that Pat Zinda Vines had willingly permitted Billy Vines to use her father's car. Plaintiff did not request issues as to whether such was negligence; and if so whether such negligence was a proximate cause of plaintiff's injury.

Plaintiff contends that since Pat Zinda Vines knew Billy did not have a driver's license, negligence and proximate cause were established as a matter of law.

Vernon's Ann.Civ.St. article 6687b, Section 36 provides that no person shall authorize or knowingly permit a vehicle owned by him *or under his control* to be driven by any person who does not have a driver's license. See also McCarty v.

Purser, Tex., 379 S.W.2d 291. The entrustment of a vehicle to one who has no driver's license is negligence per se. If afterward such driver operates the vehicle negligently and thereby causes damages to a third person, proximate cause is shown between the negligence of the party controlling the vehicle and the damage to the third person. Mundy v. Pirie-Slaughter Motor Co., 146 Tex. 314, 206 S.W.2d 587, 591.

Defendant Pat Zinda Vines asserts that since she was a minor 16 years of age a jury finding of negligence is required.

█ A jury finding of negligence based on the child's age, intelligence, and experience, is required where a defendant is a child within the common-law bracket of seven and fourteen. But negligence on the part of a child, like that of an adult may appear as a matter of law. And where the child is 16, absent evidence showing some mental deficiency or want of discretion on the part of the child, the adult standard of the ordinarily prudent man is applicable. Rudes v. Gottschalk, 159 Tex. 552, 324 S.W. 2d 201, 205; Seinsheimer v. Burkhart, 132 Tex. 336, 122 S.W.2d 1063, 1066.

Defendant was a girl 16 years old, in the 12th grade at school, had a driver's license, and there is no evidence she was laboring under mental handicap or wanting in discretion.

Contentions 2 and 3 are sustained. The trial court should have rendered judgment for plaintiff against defendant Pat Zinda Vines.

The judgment of the trial court is affirmed in rendering judgment that plaintiff take nothing as to Robert Zinda, and is reversed and here rendered that plaintiff recover judgment for $1050. jointly and severally against defendant Pat Zinda Vines and Billy Vines. Costs of appeal assessed against Pat Zinda Vines.

Affirmed in part, reversed and rendered in part.