SUSAN SCHAFER GIFFORD, Plaintiff-Appellant, v. BARRINGTON CONSOLIDATED HIGH SCHOOL DISTRICT 224 et al., Defendants-Appellees.

Second District   No. 75-526

Opinion filed June 24, 1977.—Rehearing denied July 22, 1977.

Dinah B. Dyer and Helmut A. Fydrych, both of Wisch & Dyer, of Chicago, for appellant.

Julian Johnson, of Snyder, Clarke, Dalziel, Holmquist & Johnson, of Waukegan, for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

This action was originally brought by Susan Schafer, a minor, by her father and next friend against the Barrington Consolidated High School and Kathleen Van Ness, the physical education instructor for the high school. The plaintiff alleged that she injured her leg in a jump over a certain gymnastic device because of inadequate instructions and supervision on January 29, 1965. Plaintiff further contends that on February 1, 1965, the injury was aggravated because she was compelled to participate in the physical education class, notwithstanding her complaints about her leg. The case went to trial on July 22, 1975, upon plaintiff's second amended complaint alleging only negligence against both defendants. During the course of the trial, in response to the statement by plaintiff's counsel that "in our second amended complaint, Judge, we have no wilful and wanton," the court stated, "You ought to put it in." The third amended complaint was thereupon filed by the plaintiff, now Susan Schafer Gifford, alleging wilful and wanton misconduct on the part of both the high school and the physical education instructor. The cause was tried by a jury; interrogatories were submitted to the jury, one as to whether the high school was guilty of wilful and wanton misconduct and the other as to whether the physical education instructor was guilty of wilful and wanton misconduct. The jury found there was no wilful or wanton misconduct on the part of either party and returned a verdict in favor of both defendants. Plaintiff appeals, and we affirm.

■■ The seemingly main thrust of plaintiff's argument in this appeal is that she was compelled or somehow coerced by the trial court into filing the third amended complaint, including the wilful and wanton counts, and, further, as a result thereof she had to submit instructions pertaining to wilful and wanton conduct on the part of both defendants which misled the jury, causing them to deny recovery on the negligence count.

From the record we have before us we do not find that the plaintiff was compelled to file an amended complaint alleging wilful and wanton misconduct and further find that, in our opinion, the wilful and wanton misconduct allegations were merely suggested by the court and that no compulsion was exerted upon the plaintiff to so plead. Even were she so

advised by the trial court, it is obvious that she need not have done so as she could have stood upon her pleadings notwithstanding the suggestion of the trial court.

■■ Plaintiff argues at length that wilful and wanton misconduct is "inextricably bound up with the entire question of governmental or public entity immunity." In support of this argument plaintiff contends that the court was indecisive as to whether plaintiff had to prove wilful or wanton misconduct under the question of public entity immunity. The answer to this argument is patent from the record. The question as to whether the defendants were immune from suit is a question of law and is not submitted to the jury. Obviously the trial court did not in the long run consider defendants immune from suit as he allowed the plaintiff to go to the jury on *both* simple negligence and wilful and wanton conduct.

As indicated above, the main thrust of plaintiff's argument is that, because of the instructions and the interrogatories, she was required to prove wilful and wanton misconduct even to recover for simple negligence. As pointed out by defense counsel, objections to allegations of wilful and wanton misconduct are ordinarily defense motions. In our opinion a defendant confronted by a wilful and wanton conduct count as well as a negligence count in a complaint is at a far greater disadvantage than a defendant charged with simple negligence only. The courts have so held. The plaintiff has cited *Greene v. Noonan* (1939), 372 Ill. 286, 293, 23 N.E.2d 720, 723, but in that case we find the court recognized that,

> "A defendant in a case of this character, facing a charge of wilful and wanton conduct, is placed at a serious disadvantage as compared with one charged merely with negligence * * *."

It is also to be noted that in *Murphy v. Jewel Companies, Inc.* (1974), 24 Ill. App. 3d 1, 8, 320 N.E.2d 47, 52, we stated:

> "Moreover, it is well known that the existence of a malice count often induces a higher jury verdict than might result from a case based on simple negligence. It seems obvious, therefore, that if not legally justified, the trial court's denial of the motion to remove the wilful and wanton issue from the jury's consideration was prejudicial *to the defendant*." (Emphasis added.)

This is not a case of what is sauce for the goose as being sauce for the gander. A wilful and wanton count, being prejudicial to the defendant in placing him at a serious disadvantage as compared to a simple charge of negligence, obviously does not operate in reverse.

■■ It is also to be noted that in support of the third amended complaint alleging wilful and wanton misconduct, the plaintiff submitted three instructions pertaining to wilful and wanton conduct, one informing the jury of the alleged acts of wilful and wanton conduct by the school and the teacher; another advising the jury that it was the duty of the

school to refrain from wilful and wanton conduct; and a third one which advised the jury that it was the duty of the teacher to refrain from wilful and wanton conduct which would endanger the safety of the plaintiff. We do not agree with the contention of the plaintiff that it was necessary for the plaintiff to prove either, or both, of the defendants guilty of wilful and wanton conduct in order to sustain her cause of action for negligence. The jury was adequately instructed by the instructions of both plaintiff and defendant as to the degree of proof required to find defendants, or either of them, guilty of wilful and wanton conduct or negligence. Further, the supreme court has stated in *Ervin v. Sears, Roebuck & Co.* (1976), 65 Ill. 2d 140, 144, 357 N.E.2d 500, 502:

> "The rule is well-settled that a party may not assert error on the basis of instructions which he has caused to be given to the jury."

In view of our decision herein we do not find it necessary to consider the other issues which are not pertinent to the result reached by this court. Judgment affirmed.

Affirmed.

RECHENMACHER, P. J., and WOODWARD, J., concur.