KATHY SAMUELS *et al.*, Plaintiffs-Appellants, *v.* CHECKER TAXI COMPANY, INC., *et al.*, Defendants-Appellees.

First District (4th Division)    No. 77-1698

Opinion filed October 5, 1978.

Sandman, Levy & Moltz, of Chicago (Kerry L. Kessler, of counsel), for appellants.

Jesmer and Harris, of Chicago (Julius Jesmer and Charles E. Tannen, of counsel), for appellees.

Mr. JUSTICE LINN delivered the opinion of the court:

Plaintiffs Kathy Samuels and Warren Hirschmann appeal from an order entered on August 18, 1977, dismissing supplemental counts V and VI of their complaint which alleged wilful and wanton misconduct by defendant, Checker Taxi Company (hereinafter Checker), in entrusting a taxi to its driver Charles Brough, a co-defendant. The issue for review is whether plaintiffs alleged sufficient facts to constitute an action for wilful and wanton entrustment.

We affirm the dismissal order entered by the trial court.

Plaintiffs brought an action against Checker and Brough for injuries allegedly received by them on January 1, 1977, when a Checker taxi being driven by Brough collided with their vehicle. Checker and Brough filed answers denying the allegations, and Checker filed a counterclaim against plaintiffs for damages to its taxi.

Plaintiffs subsequently filed supplemental counts III-VI. Counts III and IV alleged negligent entrustment of the vehicle to Brough on the part of Checker, and counts V and VI alleged wilful and wanton entrustment on the part of Checker for which plaintiffs sought punitive damages. In summary, plaintiffs allege Checker was guilty of wilful and wanton misconduct in that it:

(1) Failed to exercise due care in hiring drivers,

(2) hired Brough as a taxi-driver despite being aware he had a record of careless driving for 10 years prior to the occurrence complained of,

(3) failed to correct the conduct or discipline Brough,

(4) failed to educate Brough as to maintain a high standard of safety,

(5) failed to train Brough in the safe operation of a taxi,

(6) failed to supervise and control the operation of its cab by Brough, and

(7) failed to supervise, educate, and discipline Brough, with the result that injuries were sustained by plaintiffs.

Defendant moved to dismiss counts III-VI, apparently pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 45), and on August 18 there was a hearing on the motion. Plaintiffs stipulated at the outset that counts III and IV should be dismissed. The court thereafter granted the motion to dismiss with respect to counts V and VI and found there was no just cause or reason for delaying enforcement or appeal, pursuant to Supreme Court Rule 304(a). Ill. Rev. Stat. 1977, ch. 110A, par. 304(a).

Plaintiffs' sole contention is that the court erred in dismissing their counts V and VI.

■■ The standards for reviewing a section 45 motion to dismiss for failure to state a cause of action were set forth in *Wooded Shores Property Owners Association, Inc. v. Mathews* (1976), 37 Ill. App. 3d 334, 337, 345 N.E.2d 186.

> "It is settled law that an action should not be dismissed pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 45), for failure to state a cause of action or for insufficiency at law unless it clearly appears that no set of facts could be proven under the pleadings which would entitle plaintiff to relief. (*Courtney v. Board of Education* (1972), 6 Ill. App. 3d 424, 286 N.E.2d 25.) Moreover, a motion to dismiss, * * * admits all facts well pleaded, together with all reasonable inferences which can be drawn from those facts for purposes of such motion."

The court further stated that the sole function of the reviewing court is to determine whether the allegations of the complaint when interpreted in the light most favorable to the plaintiff, are sufficient to set forth a cause of action for which relief may be granted.

In this case, plaintiffs stipulated that counts III and IV alleging negligent entrustment should be dismissed under the holding in *Neff v. Davenport Packing Co.* (1971), 131 Ill. App. 2d 791, 268 N.E.2d 574. In that case the court held there could be no action for negligent entrustment where a defendant admitted responsibility under a theory of *respondeat superior.* The holding was based on the view that the issues relating to negligent entrustment become irrelevant because liability is the same where the underlying negligence of the driver is proved. Additionally, the court in

*Neff* noted that to permit evidence of collateral misconduct would inject prejudicial issues into the trial and would obscure the basic issue of the driver's negligence. 131 Ill. App. 2d 791, 792-93, and the cases cited therein.

■■ Plaintiffs contend, however, that there is no bar to a direct action against a principal, even when it has admitted liability for its driver's actions, where there are allegations of wilful and wanton conduct for which punitive damages are sought. Plaintiffs assert that their allegations properly charged wilful and wanton misconduct and they rely primarily on *Mattyasovszky v. West Towns Bus Co.* (1975), 61 Ill. 2d 31, 36-37, 330 N.E.2d 509, and *Tolle v. Interstate Systems Truck Lines, Inc.* (1976), 42 Ill. App. 3d 771, 774, 356 N.E.2d 625. Those cases approved the rule for awarding punitive damages against a principal for acts done by its agent as expressed by section 217(C) of the Restatement (Second) of Agency (1958) as follows:

> "Punitive damages can properly be awarded against a master or other principal because of an act by an agent if, but only if:
>
> (a) the principal authorized the doing and the manner of the act, or
>
> (b) the agent was unfit and the principal was reckless in employing him, or
>
> (c) the agent was employed in a managerial capacity and was acting in the scope of employment, or
>
> (d) the principal or a managerial agent of the principal ratified or approved the act."

While we may assume *arguendo* that under some circumstances punitive damages may be awarded against a principal (*Breeding v. Massey* (8th Cir. 1967), 378 F.2d 171; *Eifert v. Bush* (1966), 51 Misc. 2d 248, 272 N.Y.S. 2d 862, *mod. on other grounds* (1967), 27 App. Div. 950, 279 N.Y.S. 2d 368, *aff'd* (1968), 22 N.Y.2d 681, 291 N.Y.S. 2d 372, 238 N.E.2d 759; 53 Am. Jur. 2d *Master and Servant* §422 (1970); 22 Am. Jur. 2d *Damages* §257 (1965); 52 Ore. L. Rev. 296, 304 (1973)), we do not believe the allegations set forth by plaintiffs in this case constitute such a cause of action. There are no allegations of aggravation or approval of the driver's conduct which would distinguish the disputed counts for wilful and wanton conduct from mere negligent entrustment. Plaintiffs' reliance on section 217(C) of the Restatement (Second) of Agency (1958) is misplaced in light of comment *b* to that section which provides:

> "Mere failure to dismiss a servant, unaccompanied by conduct indicating approval of the wrongful conduct, is not a sufficient basis on which to impose punitive damages."

Furthermore, the allegations set forth by plaintiffs appear to fall within the definitions of negligent entrustment set forth in sections 308 and 390 of

the Restatement (Second) of Torts (1965). Those sections provide as follows:

"§308. Permitting Improper Persons to Use Things or Engage in Activities

It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others."

"§390. Chattel for Use by Person Known to be Incompetent

One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them."

In *Griffin v. Darda* (1975), 28 Ill. App. 3d 693, 696, 329 N.E.2d 245, the court made clear that the proof required for negligence and wilful and wanton misconduct are distinguishable:

"Willful and wanton misconduct is a conscious disregard for one's own safety and that of others. (*Bernier v. Skripek*, 86 Ill.App.2d 118, 229 N.E.2d 890.) Negligence is the failure to exercise the standard of care of a reasonably prudent person under the circumstances of a case. (*Lukasik v. Hajdas*, 104 Ill.App.2d 1, 244 N.E.2d 404.) These concepts are not synonymous. In fact, it has been said that negligence and willfulness are as unmixable as oil and water. (*Bartolucci v. Falleti*, 382 Ill. 168, 176, 46 N.E.2d 980.) Consequently, a defendant who faces allegations that he was willful and wanton is on a footing different from one who appears to meet allegations that he was guilty of negligence. (Compare *Breslin v. Bates*, 14 Ill. App. 3d 941, 303 N.E.2d 807.) The degree of culpability is greater under a charge of willful and wanton. (See *Fosdick v. Servis*, 40 Ill.App.2d 363, 189 N.E.2d 538.) The proof is distinguishable; less evidence is required to prove negligence. (See *Randle v. Adams*, 34 Ill.App.2d 314, 180 N.E.2d 699 (abstract opinion).)"

Also see *City of Rockford v. Floyd* (1968), 104 Ill. App. 2d 161, 171, 243 N.E.2d 837.

The allegations of misconduct in counts V and VI are the same as those in counts III and IV which also alleged negligence, and it is apparent they are insufficient to constitute wilful and wanton misconduct. The importance of not proceeding with counts of wilful and wanton conduct

68

when not warranted can be seen from a discussion of the issues in *Gifford v. Barrington Consolidated High School* (1977), 49 Ill. App. 3d 849, 851, 364 N.E.2d 733, wherein the court stated:

"In our opinion a defendant confronted by a wilful and wanton conduct count as well as a negligence count in a complaint is at a far greater disadvantage than a defendant charged with simple negligence only."

Also see *Murphy v. Jewel Companies, Inc.* (1974), 24 Ill. App. 3d 1, 8, 320 N.E.2d 47, 52.

After considering plaintiffs' allegations in the light most favorable to them, we find as a matter of law that they are not sufficient to set forth a cause of action upon which relief may be granted. Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

JOHNSON, P. J., and ROMITI, J., concur.