MARIETTA LUETHI, Plaintiff-Appellant, v. YELLOW CAB COMPANY, INC., Defendant-Appellee (Peter Nikolos, Defendant).

First District (5th Division)   No. 85—0342

Opinion filed September 27, 1985.

Sidney S. Altman, of Chicago, for appellant.

Jesmer & Harris, of Chicago (Lawrence P. Seiwert, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, Marietta Luehti, brought this personal injury action for injuries she allegedly sustained when the vehicle in which she was riding, owned by defendant Yellow Cab Company, Inc., and driven by Yellow Cab's lessee, defendant Peter Nikolos, ran off the road. The circuit court struck plaintiff's two-count complaint on defendant Yellow Cab's motion, with leave to plaintiff to file an amended complaint within 28 days. Just prior to that hearing plaintiff had filed an amended count against Yellow Cab. After the hearing plaintiff filed an amended count seeking damages solely from defendant Nikolos. After more than 28 days had passed the court dismissed defendant Yellow Cab from the suit for failure of plaintiff to file an amended complaint as to Yellow Cab. Plaintiff appeals from that order as well as from the court's earlier order striking plaintiff's complaint against Yellow Cab.

We reverse and remand.

On September 12, 1983, plaintiff filed a one-count complaint against only Yellow Cab, based on the alleged negligence of Yellow Cab's agent, the driver of the car, whose name was not yet known to plaintiff. The complaint alleged that on September 18, 1981, plaintiff was a passenger for hire in Yellow Cab's vehicle, driven by Yellow Cab's agent, John Doe. That then-unidentified driver allegedly failed

to keep his vehicle under control and drove it up an embankment, injuring the plaintiff.

Plaintiff subsequently determined that the accident had occurred September 13, 1981, and obtained leave of court to amend her complaint on its face to reflect that date. However, the complaint was not so amended. Subsequently plaintiff learned through discovery that on the date in question the cab had been leased to Peter Nikolos. Plaintiff obtained leave of court to amend her complaint to substitute Nikolos, as lessee, in lieu of John Doe, and to file an additional count. Again plaintiff did not amend the original complaint, but she did file a second count based on the alleged wilful and wanton conduct of Yellow Cab. In pertinent part that count alleges:

"2. (A) That on [Sept. 13, 1981] there was in full force and effect an Ordinance, titled 'PUBLIC CHAUFFEURS' under Chapter 28.1.12 of the Municipal Code of Chicago, which provided, 'It is unlawful for any person to drive a public passenger vehicle on any public way for the transportation of passengers for hire from place to place within the corporate limits of the city without first having obtained a license as a public chauffeur. (Passed, 12-20-51, Coun. J. p. 1601) (B) That PETER NIKOLOS, the defendant's Lessee, was not so licensed.

3. That because of a non-qualified driver, as indicated in Chap. 28, 1—3 (2)a-f of the foregoing Ordinance, to whom the defendant YELLOW CAB CO. leased its cab in wilful and wanton disregard of the above and other related Ordinances and Statutes regarding same, the plaintiff suffered injuries in consequence and as a result of the said driver's 'gross negligence in failing to keep his vehicle under control,' as alleged in Par. 4, of Count I, which is incorporated as par. 3 of this Count II, by reference.

4. Plaintiff refers to and re-alleges Par. 5 of Count I, as par. 4 of this Count II, with the exception of the word 'negligence,' for which the plaintiff substitutes the words, 'wilful and wanton conduct'.

WHEREFORE, plaintiff prays judgment for $15,000 plus punitive damages and costs."

Paragraph 5 of count I (referred to in paragraph 4 above, stated:

"As a result of the negligence of the defendant, the plaintiff suffered *** injuries ***, has lost earnings, has incurred medical and hospital expenses, to her damage $10,000.00 [*sic*]."

On October 22, 1984, Yellow Cab moved to strike this new count on the grounds that plaintiff's various amendments made it difficult

to decipher the complaint and that plaintiff had improperly pleaded wilful and wanton conduct merely by substituting the words "wilful and wanton conduct" for the word "negligence" in his original complaint. The hearing on Yellow Cab's motion to strike was set for November 20, 1984, before the Honorable Mary Hooton. However, on November 14, 1984, plaintiff filed a notice of motion, to be heard November 15, 1984, before the Honorable John G. Laurie, for leave to file an amended count II. The motion was ultimately continued for hearing before Judge Hooton at the same time as Yellow Cab's motion to strike.

The record establishes that at 9:21 a.m. on November 20, 1984, prior to the scheduled start of the hearing, plaintiff filed her amended count II against Yellow Cab. We summarize that count later in this opinion. Following the hearing, which was apparently not transcribed, the court granted Yellow Cab's motion to strike plaintiff's "complaint and amendments to [her] complaint" but granted her 28 days to file an amended complaint. That same day plaintiff filed an amended count I seeking damages solely from defendant Nikolos. Plaintiff filed no additional counts and on January 7, 1985, Judge Laurie, on Yellow Cab's motion, dismissed Yellow Cab with prejudice "for the plaintiff's failure to file amended complaint [sic] pursuant to Court's order dated November 20, 1984." Plaintiff was granted leave of court to file an amended complaint against Peter Nikolos and to issue summons against him. The record does not establish whether the court made any statements concerning this ruling at the hearing on January 7, 1985.

In this court Yellow Cab has moved to dismiss this appeal for what it terms the incoherence of plaintiff's initial brief. Although the plaintiff's briefs and argument before this court have been very difficult to decipher, we deny Yellow Cab's motion in the interest of justice to the parties. *Brown v. Brown* (1978), 62 Ill. App. 3d 328, 332-33, 379 N.E.2d 634, 637.

Because of the failure of the plaintiff-appellant to present this court with a complete record of the hearings below, we are presented with the anomalous situation of the parties on appeal disagreeing as to the basis of the circuit court's decision. Plaintiff contends that the court erroneously determined that her amended count II against Yellow Cab was insufficient to state a cause of action. Defendant Yellow Cab contends that the court had stricken both counts because they were incomprehensible as originally drafted. According to Yellow Cab, plaintiff then filed no amended count as to Yellow Cab, and the court dismissed Yellow Cab with prejudice.

We need not determine which basis the trial court relied on, for we find that neither basis supported the dismissal of Yellow Cab. Certainly the court was justified in striking plaintiff's original two-count complaint for lack of conciseness. (Ill. Rev. Stat. 1983, ch. 110, par. 2—612(a).) But plaintiff cured this deficiency by filing the amended counts I and II on November 20, 1984. Unlike the prior pleadings, those new pleadings did not require reference to prior pleadings or to orders of court allowing amendments which were never actually made. Accordingly, the circuit court could not properly have dismissed Yellow Cab on this basis.

We also find that Yellow Cab should not have been dismissed on the basis of plaintiff's failure to state a cause of action against it.

■■ Our sole function in reviewing the dismissal of a complaint is to determine whether the complaint's allegations, interpreted in the light most favorable to the plaintiff, set forth a cause of action for which relief may be granted. (*Samuels v. Checker Taxi Co.* (1978), 65 Ill. App. 3d 63, 65, 382 N.E.2d 424, 425.) Thus, where a complaint states a good cause of action, even one not contemplated by the plaintiff, it should not be dismissed. *Browing v. Heritage Insurance Co.* (1975), 33 Ill. App. 3d 943, 947, 338 N.E.2d 912, 915.

Plaintiff's amended count II seeks damages from Yellow Cab for having leased a taxicab to Peter Nikolos, knowing he did not possess a license as a public chauffeur. The complaint alleges that chapter 28.1.2 of the Municipal Code of Chicago makes it unlawful to drive a public passenger vehicle for hire within Chicago without first having obtained a public chauffeur's license. The complaint cites a regulation of the city's department of consumer sales, weights, and measures which prohibits taxicab licensees from leasing a vehicle to any person failing to present a valid public chauffeur's license. The complaint also alleges that the city's records establish that Nikolos was never licensed to operate a public passenger vehicle in Chicago. Finally, the complaint alleges that Yellow Cab was guilty of a wilful disregard of plaintiff's safety and was the proximate cause of the injuries she suffered when Nikolos, an unqualified taxi driver, was unable to make a simple turn on an uphill grade, causing plaintiff to be thrown from her seat in the taxicab.

■■ These allegations contain no claim of aggravation or approval of the driver's conduct such as would support a cause of action for wilful and wanton conduct (*Samuels v. Checker Taxi Co.* (1978), 65 Ill. App. 3d 63, 66-68, 382 N.E.2d 424, 425-27), which was the cause of action plaintiff sought to establish. However, under the authority of *Seward v. Griffin* (1983), 116 Ill. App. 3d 749, 452 N.E.2d 558, these

allegations did set out a cause of action for negligence against Yellow Cab. In *Seward* the plaintiffs were injured when their van was struck by a vehicle driven by an unlicensed driver. The evidence established that the defendant, a car dealer, had supplied the driver, a potential purchaser, with the car knowing that he was not licensed. In affirming a judgment against the car dealer the *Seward* court stated:

> "Numerous courts have determined that entrusting a car to an unlicensed driver is tantamount to entrusting a car to an incompetent driver, and therefore an independent act of negligence. (*Kinney v. Smith* (1973), 95 Idaho 328, 508 P.2d 1234; *Barnes v. Zinda* (Tex. Civ. App. 1971), 464 S.W.2d 501; *Mundy v. Pirie-Slaughter Motor Co.* (Tex. 1947), 206 S.W.2d 587; *Hardwick v. Bublitz* (Iowa 1963), 119 N.W.2d 886; *Anthony v. Covington* (1940), 187 Okla. 27, 100 P.2d 461.) Further, many of those courts adopt the view that the negligence of the unlicensed driver provides a causal connection necessary to establish liability in tort between the negligence of the entrusting automobile dealer and the injuries sustained by the plaintiff. This appears to be the preferred view." (*Seward v. Griffin* (1983), 116 Ill. App. 3d 749, 754-55, 452 N.E.2d 558, 563.)

Based on this authority, we find that plaintiff's amended count II stated a cause of action for negligent entrustment against Yellow Cab, and could not have been properly dismissed for failure to state a cause of action.

The judgment of the circuit court, dismissing defendant Yellow Cab with prejudice, is reversed and the cause remanded for further proceedings.

Reversed and remanded.

MEJDA, P.J., and SULLIVAN, J., concur.